## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DENISE HOWERTON, ERIN CALDERON, and RUTH PASARELL, Individually and on Behalf of all Others Similarly Situated,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>CARGILL, INC.,<br><br>　　　　　Defendant. | Civil No. 13-00336 LEK-BMK |
| MOLLY MARTIN and LAUREN BARRY, on behalf of themselves and others similarly situatiated,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>CARGILL, INC.,<br><br>　　　　　Defendant. | Civil No. 14-cv-00218-LEK-BMK |

**DECLARATION OF JEFFREY D. DAHL WITH RESPECT TO IMPLEMENTATION OF THE NOTICE PLAN AND PERFORMANCE OF REQUIRED SETTLEMENT ADMINISTRATION ACTIVITIES**

　　I, Jeffrey D. Dahl, being duly sworn and deposed, say:

　　1.　　I am over 21 years of age and am not a party to this action.

　　2.　　I have personal knowledge of the facts stated herein and, if called as a witness, could and would testify competently thereto.

　　3.　　I am President of Dahl Administration, LLC ("Dahl"). Dahl has been retained as the Notice Administrator for the above-captioned action. I am a nationally recognized expert with over 20 years of experience in class action notice and settlement administration. I have

1

provided settlement administration services for more than 500 class actions involving securities, product liability, fraud, property, employment and discrimination. I have experience in all areas of settlement administration including, but not limited to, notification, claims processing and distribution. I have served as a Distribution Fund Administrator for the U.S. Securities and Exchange Commission.

4. Dahl has been selected as Notice Administrator and Settlement Administrator jointly by Class Counsel and Cargill Inc.'s ("Cargill") Counsel in their Class Settlement Agreement ("Settlement Agreement") and appointed by the Court pursuant to the Court's Order Preliminarily Approving Class Action Settlement, Certifying Settlement Class, Approving Notice Plan, and Scheduling Date for Final Fairness Hearing, entered by the Court on July 24, 2014 ("Preliminary Approval Order"). I previously submitted an Affidavit of Jeffrey D. Dahl with Respect to Settlement Notice Plan, which was attached as Exhibit C to the Settlement Agreement. I submit this Declaration in support of Plaintiffs' Motion for Final Approval of Class Action Settlement and Request for Entry of Final Judgment to establish that the approved Notice Plan was implemented and that Dahl has performed all of the Settlement Administration activities required by the Preliminary Approval Order and the Settlement Agreement.

5. This Declaration describes: (a) the distribution of notice of the Settlement Agreement to the state attorneys general and the United States Attorney General in accordance with the notice provisions of the Class Action Fairness Act; (b) the sending of direct mail Notice to potential Settlement Class Members who were direct purchasers from Cargill; (c) implementation of Published Notice through the use of paid print media; (d) implementation of Web-based Notice using paid banner ads on targeted websites; (e) implementation of additional Web-based Notice using "keyword" searches displaying banner ads; (f) implementation of Social Media Notice ads targeting relevant interest areas; (g) issuing of a nationwide press release

2

describing the settlement; (h) implementation of a toll-free telephone helpline (i) creation of an informational settlement website through which potential Settlement Class Members can obtain detailed information about the Settlement, access case documents, and download and file Claim Forms and supporting documentation; (j) other communications with potential Settlement Class Members related to the settlement; (k) an accounting of claims filed and the observed claim filing rate; (l) any exclusion requests related to the settlement; (m) the cost of providing notice and administering the settlement; and (n) my opinion, as an expert in class action notice and claims administration, about the adequacy of the Court-approved Notice Plan.

### DISTRIBUTION OF CAFA NOTICE

6.  On June 30, 2014, as required by 28 U.S.C. §§ 1715(a) and (b), Dahl mailed notice of the proposed settlement of this action via Certified Mail to the Attorneys General in all fifty states and the District of Columbia, and to the U.S. Attorney General (the "CAFA Notices"). The mailings included the items set forth in the CAFA Notices. As an example, a copy of the CAFA Notice (without the court filings that were included with the mailing on CD-ROM) that was mailed to U.S. Attorney General Eric Holder is attached hereto as Exhibit A.

7.  Copies of the United States Postal Service ("USPS") Certified Mail Receipts for the CAFA Notices are attached hereto as Exhibit B.

### DIRECT NOTICE

8.  In accordance with paragraph 9(d) of the Preliminary Approval Order, Cargill provided Dahl with the last known address for each Settlement Class Member whose name and address was in the database of direct purchasers maintained by Cargill.

9.  Dahl reviewed the records for completeness and duplication and processed the data for mailing. The final list of potential Class Members contained 3,275 records suitable for mailing (the "Notice Mailing List").

10. In order to obtain the most current mailing address for potential Class Members, Dahl processed the Notice Mailing List through the USPS National Change of Address ("NCOA") database. This process updates addresses for individuals who have moved within the last four years and who filed a change of address card with the USPS.

11. Dahl assembled Notice packets containing the Long-Form Notice and Claim Form materially identical to the Long Form Notice attached as Exhibit B to the Settlement Agreement and the Claim Form attached as Exhibit A to the Settlement Agreement. On August 7, 2014, the Notice packets were mailed to 3,275 recipients.

12. Dahl was responsible for receiving and re-mailing, when possible, any Notice packets returned as undeliverable by the USPS. As of September 10, 2014, Dahl has received 414 undeliverable Notices packets. Of these, 12 Notice packets were returned by the USPS with a forwarding address and have been re-mailed to the new address provided; 402 Notice packets have been returned by the USPS without a forwarding address and the undeliverable address information was sent to an address search firm for tracing. New addresses were located for 202 records and Notice packets were re-mailed to the new addresses.

## PRINT PUBLICATION NOTICE

13. Dahl created a Publication Notice based upon the Summary Notice attached as Exhibit D to the Settlement Agreement. The Publication Notice was formatted for magazine publication and reviewed and approved by the Parties. Per the terms of the Settlement Notice Plan, Dahl's media partner FRWD caused the formatted Publication Notice to be published a single time as a 1/3-page advertisement in *People Magazine* on August 22, 2014, and a single time as a 1/8-page advertisement in *USA Today* on August 7, 2014. *People Magazine* and *USA Today* were selected based upon the excellent match between the characteristics of their readership and the demographic and psychographic profile of the Settlement Class.

14. The combined estimated readership of the two publications in which the Publication Notice appeared is over 45 million. Copies of the Print Publication Notices and Certificates of Publication containing publication dates are attached as Exhibit C.

## WEB-BASED NOTICE

15. Dahl's media partner FRWD implemented a web-based notice campaign using banner-style notices measuring 728 x 90 pixels and 300 x 250 pixels, which was substantially similar to the notices included as Exhibit 4 to the Affidavit of Jeffrey D. Dahl With Respect to Settlement Notice Plan dated June 17, 2014. The banner-style notices contained a link to the Settlement website at www.TruviaSweetenerLawsuit.com. Copies of these banner-style notices are included as Exhibit D to this Declaration.

16. The banner-style notices were caused to appear in prominent positions on a subset of individual websites from two networks of websites known as the Reach Channel and Foodie Sites. The banner notices will run on websites when the site's demographics match the target audience. The banner-style notices will appear every day during the campaign period of August 7, 2014 to December 1, 2014. As of September 10, 2014, the banner-style notices were placed on selected websites from the two website networks 43,341,445 times.

17. Dahl's media partner FRWD examines "click-through rate" (CTR) data for each website on which the banner-style notices appear on at least a weekly basis. FRWD staff then optimizes the allocation of banner-style notice advertisements across websites based upon the observed CTR data. This process maximizes the exposure of potential Class Members to the Settlement Website, increases the efficiency of the web-based Notice campaign, and drives increases in the claim filing rate throughout the Notice campaign period.

## KEYWORD SEARCH NOTICE

18.     Dahl's media partner FRWD formatted keyword search notice advertisements meeting the standards of the Google and Bing search engine websites.  These keyword search notice advertisements were reviewed and approved by the Parties.  These notices contained a link to the Settlement website at www.TruviaSweetenerLawsuit.com.

19.     The keyword search notices will potentially appear every day during the campaign period of August 7, 2014 to December 1, 2014, in response to search engine users' entry of specific keyword phrases.  Through September 10, 2014, the keyword search notices were displayed 12,117 times in response to Google or Bing search engine users' queries that included relevant search terms.  The most commonly entered keyword search terms triggering display of the keyword search notice advertisement were "Truvia Sweetener," "Truvia Natural Sweetener," "Truvia Natural," "Truvia Sweetener Lawsuit," and "Is Truvia Natural."

## SOCIAL MEDIA NOTICE

20.     Dahl's media partner FRWD formatted Facebook display notice advertisements meeting the standards of the Facebook social network.  The social media notices were reviewed and approved by the Parties.  These notices contained a link to the Settlement website at www.TruviaSweetenerLawsuit.com.

21.     The social media notices will appear every day during the campaign period of August 7, 2014 to December 1, 2014.  Through September 10, 2014, the social media notices were displayed 39,455,560 times on the Facebook pages of users with the targeted Facebook interested areas.

## PRESS RELEASE

22. Dahl staff formatted the Summary Notice attached as Exhibit D to the Settlement Agreement into the format of a press release that was reviewed and approved by counsel for both Parties. Dahl staff issued the press release on August 7, 2014, to be distributed by PR Newswire as a national release to 5,815 newspapers, television stations, radio stations, and magazines, as well as approximately 5,400 websites, online databases, and search engines. A copy of the press release text as issued is attached as Exhibit E.

## NOTICE SUMMARY

23. Combining the web-based banner-style notice campaign with the keyword search and social media notice campaigns described above, the overall web-based notice campaign delivered more than an estimated 82.8 million web impressions through September 10, 2014. Each web impression is an opportunity for a potential class member to click on the banner, search, or social media notice advertisement and view the Settlement Website. In addition, Print Publication notice will be displayed to over 45 million readers.

24. The notice campaign is ongoing and there will be approximately an additional 50 million impressions displayed to Class Members during the remainder of the claims filing period.

## SETTLEMENT WEBSITE

25. Dahl established a settlement website at www.TruviaSweetenerLawsuit.com. The settlement website was activated on July 29, 2014, and is still operating. Dahl worked with counsel for both Parties to develop the content for the settlement website based upon the Long Form Notice. Counsel reviewed and approved the content prior to implementation of the website. The www.TruviaSweetenerLawsuit.com website address was included on all of the printed forms of notice and was the hyper-linked destination website address for all of the web-

based forms of notice. A screen capture of the settlement website homepage is attached as Exhibit F.

26. The settlement website provides settlement Class Members with general settlement information; a list of Frequently Asked Questions and Responses; detailed instructions on how to submit a claim online as well as a downloadable Claim Form; downloadable versions of settlement documents, including the Long Form Notice, Settlement Agreement, and Preliminary Approval Order; a list of important dates and deadlines; and information on how to contact the Settlement Administrator via email, U.S. Mail, or phone.

27. As of September 10, 2014, the settlement website has received 60,947 visits.

## SETTLEMENT INFORMATION LINE

28. On July 29, 2014, Dahl established an automated toll-free settlement information line (1-888-512-0492) to assist potential settlement Class Members and any other persons seeking information about the settlement. The toll-free number was printed in the Print Publication Notice, Long Form Notice, and Press Release, and is displayed on the settlement website. The helpline is fully automated and operates 24 hours per day, seven days per week. The helpline is still operating.

29. The toll-free telephone system includes a voice response system that allows callers to listen to general information about the settlement and listen to responses to frequently asked questions (FAQ's), including directions on how to obtain a Long Form Notice and Claim Forms. Dahl worked with counsel for the Parties to prepare responses to the FAQ's to provide accurate answers to anticipated questions about the settlement, and Counsel approved the full helpline script prior to implementation.

30. As of September 10, 2014 the settlement information line has received 282 telephone calls.

## OTHER COMMUNICATIONS

31. As of September 10, 2014, Dahl has received, and responded to when appropriate, 81 emails and 58 pieces of written correspondence related to this settlement.

## CLAIMS FILED

32. As of September 10, 2014, Dahl has received a total of 26,192 claims for settlement benefits. Of this total, 25,788 were filed online at www.TruviaSweetenerLawsuit.com and 404 were submitted by mail. Of the 25,788 online claims, 24,691 claimants, or 95%, have selected the cash option and 1,097, or 5%, have selected the voucher option.

33. The claim filing deadline is December 5, 2014. Based on the current claims filing rate, I expect that there will be between 75,000 and 100,000 claims filed. This filing rate represents 1.5% to 2.0% of the estimated 5 million estimated Class Members.

34. Based upon my experience in administering consumer product class action settlements without large direct notice components like this case, a claim filing rate of 1.5% to 2.0% is very good filing rate for a settlement of this type and in line with the anticipated claim rate I attested to in the Affidavit of Jeffrey D. Dahl with Respect to Settlement Notice Plan. A large class action settlement administrator recently conducted a review of the claim filing rates in "media notice" consumer settlements involving "little or no direct mail notice." The median claim filing rate that administrator observed in those cases was .023%.[1] The administrator stated that media notice consumer settlements "will almost always have a claims rate of less than one percent (1%)." Given the available data and my experience with class action notice and claims administration, I believe the projected claim rate is reasonable and reflects a notice program that sufficiently and effectively notified potential settlement class members about this class settlement.

---

[1] Poertner v. Gillette Co., 12-CV-00803, (M.D. Fla.) Decl. of Deborah McComb, Doc. No. 156, April 21, 2014.

## REQUESTS FOR EXCLUSION AND OBJECTIONS

35.     The deadline for potential class members to request to be excluded from this settlement is September 26, 2014.  Through September 10, 2014, Dahl has received one exclusion request.

36.     The deadline for potential class members to object to this settlement is September 26, 2014.  Through September 10, 2014, Dahl has received no objections.

## ADMINISTRATION COSTS

37.     As of September 10, 2014, the costs of providing class notice and settlement administration have totaled $275,484.66.  I estimate that the total notice and settlement administration costs will be $515,515.

## CONCLUSION

38.     The Notice Plan that was approved by the Court will produce more than 147 million print and digital impressions that are targeted using methods universally employed in the advertising industry at persons that match the characteristics of the Settlement Class.  In my opinion, this Notice Plan will provide adequate Notice to the estimated five million members of the Settlement Class.

39.     It is also my opinion that the approved Notice Plan is fully compliant with Rule 23 of the Federal Rules of Civil Procedure and meets the notice guidelines established by the Federal Judicial Center's Manual for Complex Litigation, 4th Edition (2004), as well the Federal Judicial Center's Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide (2010), and is consistent with notice programs approved previously by both State and Federal Courts.

I declare under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

Executed this 11th day of September, 2014 in Minneapolis, Minnesota.

_____
Jeffrey D. Dahl
President
Dahl Administration, LLC