Joseph P. Guglielmo (*pro hac vice*)
Erin Green Comite (*pro hac vice*)
**SCOTT+SCOTT,**
**ATTORNEYS AT LAW, LLP**
The Chrysler Building
405 Lexington Avenue, 40th Floor
New York, NY 10174
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
jguglielmo@scott-scott.com
ecomite@scott-scott.com

*Counsel for Plaintiffs Howerton,*
*Calderon and Pasarell and the*
*Proposed Class*

[Additional Counsel in Signature Block]

Clayton D. Halunen (*pro hac vice*)
Melissa Wolchansky (*pro hac vice*)
**HALUNEN & ASSOCIATES**
1650 IDS Center, 80 S. 8th Street
Minneapolis, Minnesota  55402
Telephone: (612) 605-4098
Facsimile: (612) 605-4099
halunen@halunenlaw.com
wolchansky@halunenlaw.com

Michael R. Reese (*pro hac vice*)
Kim E. Richman (*pro hac vice*)
**REESE RICHMAN LLP**
875 Avenue of the Americas, 18th Floor
New York, New York  10001
Telephone: (212) 643-0500
Facsimile:  (212) 253-4272
mreese@reeserichman.com
krichman@reeserichman.com

*Counsel for Plaintiffs Martin and Barry*
*and the Proposed Class*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DENISE HOWERTON, ERIN CALDERON, and RUTH PASARELL, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br> vs.<br><br>CARGILL, INC.,<br><br>    Defendant. | Civil No. 1:13-cv-00336 LEK-BMK<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR APPROVAL OF ATTORNEYS' FEE AWARD, EXPENSE REIMBURSEMENT AND INCENTIVE AWARDS**<br><br>Date: October 27, 2014<br>Time: 9:45 a.m.<br>Room: 'Aha Nonoi<br>Judge: Hon. Leslie E. Kobayashi |

[CAPTION CONTINUED ON NEXT PAGE]

MOLLY MARTIN and LAUREN
BARRY, on behalf of themselves and
others similarly situated,

        Plaintiffs,

   vs.

CARGILL, INC.,

        Defendant.

Civil No. 1:14-cv-00218-LEK-BMK

# TABLE OF CONTENTS

I.    INTRODUCTION ..........................................................................................2

II.   FACTUAL AND PROCEDURAL HISTORY OF THE LITIGATION ........3

III.  THE REQUESTED ATTORNEYS' FEE AWARD IS REASONABLE ......4

   A.  Legal Standards Governing the Award of Attorneys' Fees in
       Settled Class Actions...............................................................................4

   B.  An Award of Thirty Percent of the Recovery Is Reasonable ..................6

   C.  The Requested Fee Is Reasonable under the Lodestar Calculation ..........8

       1.   The Time Expended Was Necessary and Reasonable
            and the Hourly Rates Are Reasonable ......................................11

       2.   Plaintiffs' Counsel's Hourly Billing Rates Are Reasonable ....14

       3.   The Resultant Multiplier Is Reasonable...................................17

   D.  The Applicable Factors Support That the Requested Fee
       Is Reasonable........................................................................................18

       1.   The Result Achieved.................................................................18

       2.   The Novelty and Difficulty of the Questions Presented...........19

       3.   The Skill Required ....................................................................20

       4.   Preclusion from Other Employment .........................................21

       5.   The Customary Fee ...................................................................22

       6.   The Contingent Nature of the Fee.............................................22

       7.   The Risk of Continued Litigation .............................................24

       8.   The Reaction of the Class .........................................................25

IV.   PLAINTIFFS' COUNSEL'S EXPENSES ARE REASONABLE ..............26

V.    THE REQUESTED INCENTIVE AWARD TO EACH
      NAMED PLAINTIFF IS REASONABLE ..................................................28

VI.   CONCLUSION.............................................................................................30

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Abrams v. Lightolier Inc.*,
    50 F.3d 1204 (3d Cir. 1995) .............................................................................27

*Almodova v. City & Cnty. of Honolulu*,
    CIV. 10-00355 LEK, 2012 WL 3255140 (D. Haw. Aug. 8, 2012)....................10

*Almodova v. City and County of Honolulu*,
    Civil No. 07-00378 DAE-LEK, 2010 WL 1372298 (D. Haw. Mar. 31, 2010) .........................................................................................................6, 17

*Almodova v. City and County of Honolulu*
    Civil No. 07-00378 DAE-LEK, 2010 WL 1644971 (D. Haw. Apr. 20, 2010) ................................................................................................................6

*Benedict v. Diamond Resorts Corp.*,
    No. 1:12-cv-00183-DAE-BMK (D. Haw. June 6, 2013), ECF No. 92 ..............27

*Blake v. Nishimura*,
    Civil No. 08–00281 LEK, 2010 WL 1372420 (D. Haw. Mar. 31, 2010) ..........16

*Blum v. Stenson*,
    465 U.S. 866 (1984) (concurring)......................................................................22

*Boeing Co. v. Van Gemert*,
    444 U.S. 472 (1980)............................................................................................6

*Bond v. Ferguson Enterprises, Inc.*,
    No. 1:09-cv-1662, 2011 WL 2648879 (E.D. Cal. Jun. 30, 2011) ......................18

*Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens County, Okla.*,
    8 F.3d 722 (10th Cir. 1993) ..............................................................................26

*Covillo v. Specialtys Cafe*,
    C-11-00594 DMR, 2014 WL 954516 (N.D. Cal. Mar. 6, 2014)........................17

*Donkerbrook v. Title Guar. Escrow Servs., Inc.*,
    CIV. 10-00616 LEK, 2011 WL 3649539 (D. Haw. Aug. 18, 2011)...........*passim*

*Faigman v. AT & T Mobility LLC*,
No. C06–04622, 2011 WL 672648 (N.D. Cal. Feb. 16, 2011) .........................29

*Feinberg v. Hibernia Corp.*,
966 F. Supp. 442 (E.D. La. 1997).......................................................................15

*Harris v. Marhoefer*,
24 F.3d 16 (9th Cir. 1994) ..................................................................................26

*Hawaii Medical Association v. Hawaii Medical Service Association*,
113 Hawaii 77 (Haw. 2006)...........................................................................12, 13

*Hensley v. Eckerhart*,
461 U.S. 424 (1983).............................................................................................18

*In re Agent Orange Prod. Liab. Litig.*,
818 F.2d 226 (2d Cir. 1987) ...............................................................................15

*In re Bluetooth Headset Prods. Liab. Litig.*,
654 F.3d 935 (9th Cir. 2011) .......................................................................4, 5, 6

*In re Heritage Bond Litig.*,
No. 02-ML-1475, 2005 WL 1594389 (C.D. Cal. June 10, 2005) ......8, 21, 24, 26

*In re Ikon Office Solutions, Inc., Sec. Litig.*,
194 F.R.D. 166 (E.D. Pa. 2000).........................................................................22

*In re Mego Fin. Corp. Sec. Litig.*,
213 F.3d 454 (9th Cir. 2000) ........................................................................7, 28

*In re Omnivision Technologies, Inc.*,
559 F. Supp. 2d 1036 (N.D. Cal. 2008)..............................................................10

*In re Pacific Enterprises Sec. Litig.*,
47 F.3d 373 (9th Cir. 1995) .................................................................................8

*In re Rite Aid Corp. Sec. Litig.*,
396 F.3d 294 (3d Cir. 2005) ...............................................................................26

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
MDL No. 1827, ECF No. 8610-2 at 11, 16 ........................................................15

*In re Toys R Us–Delaware, Inc. Fair and Accurate Credit Transactions Act (FACTA) Litig.*,
 295 F.R.D. 438 (C.D. Cal. 2014).........................................................27, 28, 29

*In re Wachovia Corp. "Pick-A-Payment" Mortg. Marketing and Sales Practices Litig.*,
 No. 5:09-md-02015, 2011 WL 1877630 (N.D. Cal. May 17, 2011).................18

*In re Washington Pub. Power Supply Sys. Sec. Litig*.
 19 F.3d 1291 (9th Cir. 1994) .............................................................7, 22, 23, 24

*Johnson v. Gen. Mills, Inc*
 SACV 10-00061, 2013 WL 3213832, at *6 (C.D. Cal. June 17, 2013).............20

*Kerr v. Screen Extras Guild, Inc.*,
 526 F.2d 67 (9th Cir. 1975) .........................................................................10, 11

*Knight v. Red Door Salons, Inc.*,
 08-01520 SC, 2009 WL 248367 (N.D. Cal. Feb 2, 2009)..................................11

*Lara v. Renaissance Hotel Operating Co.*,
 CIV. 08-00560 LEK, 2011 WL 6002521 (D. Haw. Nov. 29, 2011)....................4

*Larsen v. Trader Joe's Co.*,
 11-CV-05188, 2014 WL 3404531 (N.D. Cal. July 11, 2014) ............................19

*Paul, Johnson, Alston & Hunt v. Graulty*,
 886 F.2d 268 (9th Cir. 1989) ........................................................................7, 25

*Radcliffe v. Experian Info. Solutions, Inc.*,
 715 F.3d 1157 (9th Cir. 2013) ....................................................................28, 30

*Rigo v. Kason Indus., Inc.*,
 11-CV-64-MMA DHB, 2013 WL 3761400 (S.D. Cal. July 16, 2013)...............7

*Rodriguez v. W. Publ'g Corp.*,
 563 F.3d 948 (9th Cir. 2009) .............................................................................28

*Rose v. Bank of Am. Corp*.,
 5:11-CV-02390, 2014 WL 4273358 (N.D. Cal. Aug. 29, 2014)........................21

*Seven Signatures Gen. P'ship v. Irongate Azrep BW LLC*,
 871 F. Supp. 2d 1040 (D. Haw. 2012)................................................................17

iv

*Staton v. Boeing Co.*,
   327 F.3d 938 (9th Cir. 2003) .................................................................5, 7, 19, 30

*Steiner v. American Broadcasting Co. Inc.*,
   248 Fed. Appx. 780 (9th Cir. 2007)....................................................................18

*Stuart v. RadioShack Corp.*,
   No. C-07-4499 EMC, 2010 WL 3155645 (N.D. Cal. Aug. 9, 2010)...................7

*U.S. ex rel. Hobbs v. MedQuest Associates, Inc.*,
   3:06-1169, 2012 WL 3561792 (M.D. Tenn. Aug. 16, 2012) ............................15

*U.S. ex rel. Tamara Dietzler v. Abbott Labs.*,
   No. 1:09-cv-00051 (W.D. Va.) ...........................................................................12

*Van Vranken v. Atlantic Richfield Co.*,
   901 F. Supp. 294 (N.D. Cal. 1995)..........................................................7, 28, 29

*Vandervort v. Balboa Capital Corp.*,
   No. SACV 11-1578, 2014 WL 1274049 (C.D. Cal. Mar. 27, 2014) ...................7

*Villon v. Marriott Hotel Services, Inc.*,
   No. 08-00529 ......................................................................................................17

*Vizcaino v. Microsoft Corp.*,
   142 F. Supp. 2d 1299 (W.D. Wash. 2001) .........................................................19

*Vizcaino v. Microsoft Corp.*,
   290 F.3d 1043 (9th Cir. 2002) ....................................................................*passim*

## STATUTES, RULES, AND REGULATIONS

Federal Rules of Civil Procedure
   Rule 23(f).............................................................................................................25
   Rule 23(h) ..............................................................................................................4

Local Rules of Practice for the U.S. District Court, District of Hawaii
   LR54.3(d)......................................................................................................1, 2, 6

**OTHER AUTHORITIES**

Richard A. Posner, ECONOMIC ANALYSIS OF LAW §21.9 (3d ed. 1986)..................23

Plaintiffs Denise Howerton, Erin Calderon, Ruth Pasarell, Molly Martin, and Lauren Barry ("Plaintiffs") hereby respectfully move the Court for the entry of an Order approving: (i) Plaintiffs' Counsel's requested attorney's fee award and expense reimbursement in the amount of 30% of the Settlement Fund, or $1.83 million; and (ii) payment of an incentive award of $2,000 to each Plaintiff.

In compliance with Local Rule 54.3(d), Plaintiffs submit this memorandum of law covering the factors applicable under the circumstances, such as a description of the work performed by each attorney and paralegal, broken down by hours expended on each task; the attorney's customary fee for like work; the customary fee for like work prevailing in the attorney's community; a description of the expenditures for which reimbursement is sought; and legal support for the requested fee award.   LR54.3(d).   Currently herewith, declarations from the following attorneys are submitted in support of this fee application, providing further detail regarding the applicable factors:  Joseph P. Guglielmo ("Guglielmo Decl."), E. Kirk Wood ("Wood Decl."), Greg L. Davis ("Davis Decl."), Jared H. Beck ("Beck Decl."), William A. Baird ("Baird Decl."), Lawrence W. Cohn ("Cohn Decl."), James J. Bickerton ("Bickerton Decl."), and Karen H. Riebel ("Riebel Decl.").  Co-Class Counsel, Clayton D. Halunen ("Halunen Decl.") and Michael R. Reese ("Reese Decl."), have filed their supporting declarations concurrently with the filing of Plaintiffs' Motion for Final Approval of Class

Action Settlement and Request for Entry of Final Judgment ("Final Approval Motion") (collectively, the "Declarations"). *See* ECF Nos. 100-2 – 100-9. The Declarations, to the extent available, attach the detailed time and expense reports for each firm and an itemized a breakout of the categories of work performed by each timekeeper, as required by LR54.3(d)(1).

## I.     INTRODUCTION

As set forth in the Memorandum of Law in Support of Plaintiffs' Final Approval Motion ("Final Approval Memorandum"),[1] the Settlement is the result of substantial and vigorous advocacy and over a year of hard-fought, arm's-length negotiations conducted by skilled, experienced counsel.   The Settlement is an outstanding resolution of this high-risk, complex litigation and provides substantial monetary and injunctive relief to a nationwide Class of purchasers of Truvia Consumer Products.   Through Plaintiffs' Counsel's efforts, a Settlement Fund of $6,100,000 has been created where eligible Class Members may receive up to a $45.00 cash refund or vouchers valued at $90.00.   The Settlement also requires Defendant Cargill, Inc. ("Cargill") to make substantive changes to the Truvia Consumer Product packaging and amendments to the Truvia.com website (the "Injunctive Relief") that resolve Plaintiffs' claims that the labeling and marketing

---

[1]     Plaintiffs incorporate by reference the Final Approval Memorandum.  ECF No. 100-1.   All capitalized terms not otherwise defined are defined in the Settlement Agreement.  ECF No. 92-3.

of the Truvia Consumer Products were false and misleading.  For their efforts in achieving this result, Plaintiffs' Counsel seek an award of attorneys' fees and expenses in the amount of 30% of the Settlement Fund, or $1.83 million. Plaintiffs' Counsel also seek an award of $2,000 to each named Plaintiff for their contributions.  Cargill does not oppose this motion.

As discussed below, the fee requested is reasonable when considered under the applicable standards and is well within the normal range of awards made in contingent-fee consumer class actions in this Circuit.  This is particularly true given the excellent result achieved and the considerable risks attendant in bringing and pursuing this litigation.  Indeed, under a lodestar calculation, the requested award of fees and expenses represents a 0.62 multiplier applying Plaintiffs' Counsel's customary hourly rates or 1.39 applying projected forum rates. Plaintiffs' objective in filing the lawsuits was to remedy the alleged deception in Cargill's marketing and labeling of the Truvia Consumer Products.  Plaintiffs' Counsel reached a Settlement of the various nationwide class actions that achieves this goal.  The requested incentive fee award for each Plaintiff also is reasonable, as well as standard, for this type of action, and should be approved.

## II.    FACTUAL AND PROCEDURAL HISTORY OF THE LITIGATION

Plaintiffs' Counsel's Declarations are an integral part of this submission. Plaintiffs respectfully refer the Court to these Declarations for additional detailed

description of the factual and procedural history of the litigation, the claims asserted, the extensive investigation and discovery undertaken, the settlement negotiations, Plaintiffs' Counsel's experience and work performed, and the numerous risks and uncertainties presented in this litigation.

## III.   THE REQUESTED ATTORNEYS' FEE AWARD IS REASONABLE

### A.   Legal Standards Governing the Award of Attorneys' Fees in Settled Class Actions

The award of attorneys' fees in a class action is governed by Rule 23(h), which provides that after a class has been certified, the Court may award reasonable attorneys' fees and nontaxable costs.  Fed. R. Civ. P. 23(h).  Plaintiffs' Counsel's entitlement to an attorneys' fee award is not in question.   Indeed, "pursuant to Rule 23(h), the parties' Settlement Agreement alone is a sufficient basis for an award of reasonable attorneys' fees to Plaintiffs." *Lara v. Renaissance Hotel Operating Co.*, CIV. 08-00560 LEK, 2011 WL 6002521, at *3 (D. Haw. Nov. 29, 2011); *see also Donkerbrook v. Title Guar. Escrow Servs., Inc.*, CIV. 10-00616 LEK, 2011 WL 3649539, at *4 (D. Haw. Aug. 18, 2011).

Although the parties have agreed on the maximum the Court may award Plaintiffs' Counsel in attorneys' fees, the Court has an "independent obligation to ensure that the award, like the settlement itself, is reasonable . . . ." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011).  The Ninth Circuit recognizes that in the settlement context, fees are a subject of compromise, and

4

thus, "the [district] court need not inquire into the reasonableness of the fees at even the high end with precisely the same level of scrutiny as when the fee amount is litigated." *Staton v. Boeing Co.*, 327 F.3d 938, 966 (9th Cir. 2003).

The Ninth Circuit has approved "two different methods for calculating a reasonable attorneys' fee depending on the circumstances." *Bluetooth*, 654 F.3d at 941. "Where a settlement produces a common fund for the benefit of the entire class, courts have discretion to employ either the lodestar method or the percentage-of-recovery method." *Id.* at 942. Under the lodestar method, the lodestar figure is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Id.* at 941. Once the lodestar calculation is obtained, "the court may adjust it upward or downward by an appropriate positive or negative multiplier reflecting a host of 'reasonableness' factors." *Id.* at 941-42.[2] The Ninth Circuit holds that "'multiples ranging from one to four are frequently awarded in common fund cases . . . .'" *Vizcaino v. Microsoft Corp.,* 290 F.3d 1043, 1050 n.6 (9th Cir. 2002). Regardless of which calculation method is used, the Ninth Circuit instructs that such "discretion must be exercised so as to achieve a reasonable result." *Bluetooth*, 654 F.3d at 942. Typically, a cross-check is performed using the alternate calculation methodology to ensure the reasonableness of the award. *Id.* at 945.

---

[2]      Unless otherwise indicated, all citations are omitted and emphasis is added.

Plaintiffs' Counsel recognize that it is this Court's practice to apply the lodestar method as a guide in awarding attorneys' fees. *See, e.g., Almodova v. City and County of Honolulu*, Civil No. 07-00378 DAE-LEK, 2010 WL 1372298, *7 (D. Haw. Mar. 31, 2010) *report and recommendation adopted*, 2010 WL 1644971 (D. Haw. Apr. 20, 2010). However, because the Settlement contemplates that Plaintiffs' Counsel will seek an award of attorneys' fees and expenses in terms of a percentage of the Settlement Fund (Settlement, ¶8.1), Plaintiffs' Counsel respectfully submit that the requested fee award of 30% of the Settlement Fund is reasonable under the percentage of recovery methodology. In compliance with LR54.3(d), Plaintiffs' Counsel also provide the Court with sufficient detail to perform a lodestar calculation and submit that the requested fee award is reasonable under the lodestar methodology as well.

## B.     An Award of Thirty Percent of the Recovery Is Reasonable

Plaintiffs' Counsel's request for attorneys' fees is appropriate under the percentage of the recovery method. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). Ninth Circuit precedent establishes that:

> [T]he parties may negotiate and agree to the value of a common fund (which will ordinarily include an amount representing an estimated hypothetical award of statutory fees) and provide that, subsequently, class counsel will apply to the court for an award from the fund, using common fund fee principles. In those circumstances, the agreement as a whole does not stand or fall on the amount of fees.

*Staton*, 327 F.3d at 972. The guiding principle in this Circuit is that a fee award be

"'reasonable under the circumstances.'" *In re Washington Pub. Power Supply Sys. Sec. Litig.* ("*WPPSS*"), 19 F.3d 1291, 1295 n.2 (9th Cir. 1994).  The Ninth Circuit has held that an award of attorneys' fees up to 33 1/3% of the fund can be reasonable. *Paul, Johnson, Alston & Hunt v. Graulty,* 886 F.2d 268, 272 (9th Cir. 1989).  Courts often look at fees awarded in comparable cases to determine if the fee requested is reasonable. *Vizcaino*, 290 F.3d at 1050 n.4.  Cases of under $10 million will often result in result in fees in the range of 30%. *See Van Vranken v. Atlantic Richfield Co.*, 901 F. Supp. 294, 297-98 (N.D. Cal. 1995) (citing cases). The fees paid in comparable cases, as well as empirical research, support the 30% fee award requested. *See, e.g.*, *Vandervort v. Balboa Capital Corp.,* No. SACV 11-1578,  2014 WL 1274049, at *2 (C.D. Cal. Mar. 27, 2014) (finding 33% attorneys' fees award of a $3.3 million "reasonable" in a consumer class action for violation of the Telephone Consumer Protection Act);  *Rigo v. Kason Indus., Inc.,* 11-CV-64-MMA DHB, 2013 WL 3761400, at *7 (S.D. Cal. July 16, 2013) (remarking that "the request for attorneys fees in the amount of 30% of the common fund falls below the 31.71% average awarded in cases with common funds."); *Stuart v. RadioShack Corp*., No. C-07-4499 EMC, 2010 WL 3155645, at *2 (N.D. Cal. Aug. 9, 2010) (approving a fee award of 1/3 of the $4.5 million settlement fund); *see also In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454 (9th Cir. 2000) (upholding award of 33 1/3% of settlement fund); *In re Pacific Enterprises*

7

*Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) (same); *In re Heritage Bond Litig.*, No. 02-ML-1475, 2005 WL 1594389, at \*14 (C.D. Cal. June 10, 2005) (awarding 33 1/3% fee award). As discussed below in Section III.D, consideration of the relevant factors used by courts in this Circuit demonstrates the requested fee award is reasonable under the circumstances and should be approved.

### C.   The Requested Fee Is Reasonable under the Lodestar Calculation

Under the lodestar calculation methodology, 4,990.7 hours were incurred in the prosecution of this action. Thus, the lodestar plus $83,305.60 in expenses applying Plaintiffs' Counsel's usual and customary hourly rates is $2,972,946.10 and applying projected Hawaii rates is $1,318,212.10:

| Name | Admitted | Status | Hours | Regular Rate | Lodestar | HI Hourly Rate | Modified Lodestar |
|------|----------|--------|-------|--------------|----------|----------------|-------------------|
| **Scott+Scott, Attorneys at Law, LLP** | | | | | | | |
| Christopher Burke | 1994 (20) | P | 22.3 | $775 | $17,282.50 | $300 | $6,690.00 |
| Joseph Guglielmo | 1996 (18) | P | 413.0 | $710 | $293,230.00 | $300 | $123,900.00 |
| Erin Green Comite | 2002 (12) | P | 631.2 | $660 | $416,592.00 | $225 | $142,020.00 |
| Joseph Cohen | 1991 (23) | OC | 60.4 | $710 | $42,884.00 | $250 | $15,100.00 |
| Troy Terpening | 2001 (13) | C | 79.1 | $500 | $39,550.00 | $200 | $15,820.00 |
| Andrea Farah | 2014 (1) | A | 144.0 | $390 | $56,160.00 | $150 | $21,600.00 |
| Kimberly Jager | | PL | 195.5 | $285 | $55,717.50 | $100 | $19,550.00 |
| Sam Fein | | PL | 42.2 | $285 | $12,027.00 | $85 | $3,587.00 |
| | | | **1587.7** | | **$933,443.00** | | **$348,267.00** |
| | | | | | | | |

| Name | Admitted | Status | Hours | Regular Rate | Lodestar | HI Hourly Rate | Modified Lodestar |
|---|---|---|---|---|---|---|---|
| **Halunen & Associates** | | | | | | | |
| Clayton Halunen | 1991 (23) | P | 283.1 | $675 | $191,092.50 | $300 | $84,930.00 |
| Susan Coler | 1989 (25) | P | 33.0 | $650 | $21,450.00 | $300 | $9,900.00 |
| Melissa Wolchansky | 2007 (7) | P | 796.8 | $550 | $438,240.00 | $175 | $139,440.00 |
| Charles Moore | 2014 (1) | A | 113.6 | $325 | $36,920.00 | $150 | $17,040.00 |
| Dustin Massie | 2014 (1) | A | 16.4 | $325 | $5,330.00 | $150 | $2,460.00 |
| Stuart Meints | | PL | 5.8 | $175 | $1,015.00 | $85 | $493.00 |
| Cecilia Mazique | | PL | 120.9 | $175 | $21,157.50 | $85 | $10,276.50 |
| | | | **1369.6** | | **$715,205.00** | | **$264,539.50** |
| | | | | | | | |
| **Reese Richman LLP** | | | | | | | |
| Michael Reese | 1996 (18) | P | 963.5 | $750 | $722,625.00 | $350 | $337,225.00 |
| Kim Richman | 2000 (14) | P | 205.0 | $700 | $143,500.00 | $300 | $61,500.00 |
| George Granade | 2011 (3) | A | 109.5 | $350 | $38,325.00 | $175 | $19,162.50 |
| Jason Hardy | 2011 (3) | A | 23.5 | $350 | $8,225.00 | $175 | $4,112.50 |
| | | | **1301.5** | | **$912,675** | | **$422,000.00** |
| | | | | | | | |
| **Wood Law Firm, LLC** | | | | | | | |
| E. Kirk Wood | 1987 (27) | P | 336.2 | $350 | $117,670.00 | $300 | $100,860.00 |
| Carla Baker | | PL | 17.5 | $125 | $2,187.50 | $85 | $1,487.50 |
| | | | **353.7** | | **$119,857.50** | | **$102,347.50** |
| | | | | | | | |
| **Davis & Taliaferro** | | | | | | | |
| Greg Davis | 1988 (26) | P | **35.7** | $650 | **$23,205** | $300 | **$10,710.00** |
| | | | | | | | |
| **Beck & Lee Trial Lawyers** | | | | | | | |
| Jared H. Beck | 2004 (10) | P | 133.5 | $550 | $73,425.00 | $225 | $30,037.50 |
| Elizabeth Lee | 2004 (10) | P | 16.0 | $550 | $8,800.00 | $225 | $3,600.00 |
| | | | **149.5** | | **$82,225** | | **$33,637.50** |
| | | | | | | | |
| **Marlin & Saltzman, LLP** | | | | | | | |
| William A. Baird | 1997 (17) | OC | 122.2 | $600 | $73,320.00 | $250 | $30,550.00 |
| | | | **122.2** | | **$73,320.00** | | **$30,550.00** |
| | | | | | | | |
| **Lawrence W. Cohn** | 1974 (40) | P | **50.8** | $350 | **$17,780.00** | $350 | **$17,780.00** |
| | | | | | | | |
| **Bickerton Dang LLLP** | | | | | | | |
| James J. Bickerton | 1981 (34) | P | **4.7** | $445 | **$2,091.50** | $445 | **$2,091.50** |
| | | | | | | | |

| Name | Admitted | Status | Hours | Regular Rate | Lodestar | HI Hourly Rate | Modified Lodestar |
|---|---|---|---|---|---|---|---|
| **Lockridge Grindal Nauen P.L.L.P.** | | | | | | | |
| Karen H. Riebel | 1991 (23) | P | 13.25 | $690 | $9,143.00 | $300 | $3,975.00 |
| Anna Horning Nygren | 2006 (8) | A | 3.5 | $425 | $1,488.00 | $175 | $612.50 |
| Kate Baxter-Kauf | 2011 (3) | A | 3.25 | $400 | $1,300.00 | $150 | $487.50 |
| | | | **20** | | **$11,930.00** | | **$5,075.00** |
| | | | | | | | |
| | *TOTALS* | | **4990.7** | | **$2,889,640.50** | | **$1,234,906.50** |
| | | Total Expenses | | | **$83,305.60** | | **$83,305.60** |
| | | Total Lodestar & Expenses | | | **$2,972,946.10** | | **$1,318,212.10** |

\*\*Itemization of timekeeper time is attached to the Declarations, to the extent available.

| | |
|---|---|
| **Regular Multiplier** | **0.6156** |
| **Hawaii Multiplier** | **1.3882** |

### Estimated Forum Hourly Rate*

| Years in Practice | HI Hourly Rate |
|---|---|
| 20+ | $300 |
| 15 to 19 | $260 |
| 10 to 14 | $225 |
| 5 to 9 | $175 |
| 1 to 4 | $150 |
| PL | $85 |

*Based on hourly rates in *Donkerbrook* and *Villon*, adjusted up or down for based on experience and qualifications.

In assessing the reasonableness of the lodestar calculation, courts undertake "an evaluation of the factors articulated in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation." *Almodova v. City & Cnty. of Honolulu*, CIV. 10-00355 LEK, 2012 WL 3255140, at *7 (D. Haw. Aug. 8, 2012). Courts apply the same or similar factors to support awards under the percentage of the recovery method as well. *See, e.g., In re Omnivision Technologies, Inc.*, 559 F. Supp. 2d 1036, 1046 (N.D.

Cal. 2008); *Knight v. Red Door Salons, Inc.*, 08-01520 SC, 2009 WL 248367, at *5

(N.D. Cal. Feb 2, 2009).  The *Kerr* factors applicable here are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, … (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, … and (12) awards in similar cases.

526 F.2d at 70.  These factors weigh strongly in favor of the reasonableness of the

requested fee award.

### 1.  The Time Expended Was Necessary and Reasonable and the Hourly Rates Are Reasonable

Class Counsel expended the lion's share of time in this case, ensuring that

there was not excessive or duplicate billing amongst firms. Guglielmo Decl., ¶¶52-

53; Halunen Decl., ¶¶54, 59; Reese Decl., ¶50. The tasks completed by Plaintiffs'

Counsel included investigation, preparation for and attendance at multiple

mediation sessions, drafting and preparation of a nationwide settlement in

Minnesota, vigorously contested settlement negotiations following denial of

preliminary approval in Minnesota, including a variety of contested procedural

motions, and ultimately, significant work to achieve the Settlement presently

before this Court.  Guglielmo Decl., ¶¶3-22; Halunen Decl., ¶¶39-40; Reese Decl.,

¶¶9-33.[3]  A summary of the work performed by the lead Class Counsel attorneys demonstrates that the tasks completed were all necessary and furthered the achievement of the Settlement.  *See* Declarations for detail on all timekeepers.

**Clayton D. Halunen** is the managing partner of Halunen based in Minneapolis, Minnesota, and has been in practice for 23 years.  Halunen Decl., ¶42 Notably, Mr. Halunen was one of the Relators' counsel in case of *U.S. ex rel. Tamara Dietzler v. Abbott Labs.*, No. 1:09-cv-00051 (W.D. Va.), and achieved a settlement against Abbott Labs for government fraud in excess of $1.5 billion.  *Id.* In this case, Mr. Halunen, supervised all aspects of the litigation on behalf of Plaintiffs Martin and Barry, which included client communication, review and editing of filings, strategy for litigation and settlement and coordination with co-counsel.  *Id.*, ¶44.

**Joseph P. Guglielmo**, a Scott+Scott partner in the firm's New York City office, has been in practice for 18 years.  Guglielmo Decl., ¶29.  Notably, I was the principle litigator and obtained a significant opinion from the Hawaii Supreme Court in *Hawaii Medical Association v. Hawaii Medical Service Association*, 113 Hawaii 77 (Haw. 2006), reversing the trial court's dismissal and clarifying rights for consumers under the state's unfair competition law.  *Id.*  In this case, Mr. Guglielmo developed the legal theories of the case, edited the complaints and

---

[3]      *See also* Wood Decl., Davis Decl., Beck Decl., Baird Decl., Riebel Decl. These Declarations also attach detailed time and expense records.

briefs, argued motions in Hawaii, and led the settlement negotiations for the *Howerton* action. *Id.*

**Michael R. Reese**, a founding partner of Reese Richman based in New York City, has been in practice for 18 years. Reese Decl., ¶43. Mr. Reese is well-respected within the food-related class action litigation arena and is frequently invited to speak at conferences on food litigation, such as the Resnick Center Food Litigation Symposium in Los Angeles and the Perrin Food Conference in Chicago in 2014. *Id.* On behalf of Plaintiffs Martin and Barry, Mr. Reese developed the legal theories and factual allegations, argued the motion for preliminary approval in Minneapolis and the motion to coordinate before the Judicial Panel on Multidistrict Litigation, and was instrumental in brokering the Settlement. *Id.*, ¶44.

**Erin Green Comite**, a Scott+Scott partner in the firm's Connecticut office, has been in practice for 12 years. Guglielmo Decl., ¶23. In this case, Ms. Comite conducted the initial investigation of the claims, drafted the complaints and briefs, argued a motion before the Judicial Panel on Multidistrict Litigation and participated in settlement negotiations. *Id.* Ms. Comite also was integral in the settlement negotiation and settlement administration process.

**Melissa W. Wolchansky**, a Halunen partner based in Minneapolis, has been in practice for 7 years. Halunen Decl., ¶45. In this cse, Ms. Wolchansky was responsible for drafting all briefs, settlement documents and managed

13

communication with co-counsel and defense counsel.  *Id*., ¶46.  Ms. Wolchansky was directly involved in all aspects of the settlement in Minnesota and Hawaii, including drafting all pleadings, settlement materials, coordinating notice administration, and negotiating with Cargill and other Plaintiffs' Counsel.  *Id.*

## 2.   Plaintiffs' Counsel's Hourly Billing Rates Are Reasonable

### a.   Out-of-State Attorneys and Staff

Here, application of rates from outside Hawaii is reasonable.  Class Counsel have considerable national experience in class and consumer litigation.  Guglielmo Decl., ¶¶28-36; Halunen Decl., ¶60; Reese Decl., ¶¶40-41.  Practice in consumer class action litigation requires skill, knowledge and experience in two distinct subsets of the law:  a) all states' consumer protection law; and b) class action law.  Guglielmo Decl., ¶57; Halunen Decl., ¶70; Reese Decl., ¶¶40-41.  This case was brought on behalf of a ***nationwide class*** of consumers with claims alleged under the consumer protection laws not only of Hawaii, but also of California, Florida, and Minnesota.  This required significant research and knowledge of the consumer protection statutes of various states.  Guglielmo Decl., ¶57; Halunen Decl., ¶70; Reese Decl., ¶¶7-10.  Plaintiffs' Counsel routinely are awarded fees at these rates.  *See, e.g.*, Guglielmo Decl., ¶45; Halunen Decl., ¶61; Reese Decl., ¶56.

This case can be distinguished from other class cases in this District, where national rates were not applied when the matters involved only Hawaii based

classes. *See, e.g., Donkerbrook*, 2011 WL 3649539, at *1. Where plaintiffs'

counsel have sought to vindicate the rights of members of a nationwide class or

mass group of individuals, courts have applied national rates. *See, e.g., In re Agent

Orange Prod. Liab. Litig.*, 818 F.2d 226, 233 (2d Cir. 1987); *Feinberg v. Hibernia

Corp.*, 966 F. Supp. 442, 446-47 (E.D. La. 1997); *U.S. ex rel. Hobbs v. MedQuest

Associates, Inc.*, 3:06-1169, 2012 WL 3561792, at *3 (M.D. Tenn. Aug. 16, 2012).

Indeed, the Ninth Circuit acknowledges that a market-based approach can be an

illusory exercise in nationwide class action cases where no real market exists:

> While an exclusively market-based approach may have superficial
> appeal, in the context of class action litigation in which attorneys' fees
> are determined *post hoc* by the court (without regard to any private
> arrangement), it may in many cases be illusory. … [T]o the extent
> that a market analogy is on point, in most cases it may be more
> appropriate to examine lawyers' reasonable expectations, which are
> based on the circumstances of the case and the range of fee awards out
> of common funds of comparable size.

*Vizcaino*, 290 F.3d at 1049-50.

Further supporting that national rates should be applied is that Defendant's

own lead counsel, Robins, Kaplan, Miller & Ciresi, L.L.P., is a national law firm

that commands national hourly rates. *See, e.g., In re TFT-LCD (Flat Panel)

Antitrust Litig.*, MDL No. 1827, ECF No. 8610-2 at 11, 16 and Ex. C (N.D. Cal.

Sept. 18, 2013) (Guglielmo Decl., Ex. I). Even the arrangement between

Plaintiffs' Counsel reflects the reality of large class actions where, because of the

great risk involved, multiple firms with a national practice work together to spread

the risk.  A detailed description of the qualifications and work performed in these actions by attorneys and legal personnel who perform non-clerical tasks is included in the Declarations submitted concurrently herewith.  These accounts support that the Court should apply Plaintiffs' Counsel's regular rates (including for paralegals who perform non-clerical tasks)[4] from outside of Hawaii, which have been approved by other district courts.   Guglielmo Decl., ¶45; Halunen Decl., ¶62; Reese Decl., ¶56; Wood Decl., ¶6; Beck Decl., ¶5.

### b.      In-State Attorneys

**Lawrence W. Cohn** was admitted to the Hawaii bar in 1974.  Cohn Decl., ¶2.  He is one of the attorneys for Plaintiff Howerton and is serving as local counsel to Plaintiffs and the Class in this case.  *Id.*, ¶1.  He is highly accomplished and has represented individuals for 40 years in various civil litigation matters.  *Id.*, ¶2.  Mr. Cohn's customary hourly rate is $350.  *Id.*, ¶3.

**James J. Bickerton** and his firm, Bickerton Dang LLLP, have extensive experience in class action litigation.  Bickerton Decl., ¶4.  Mr. Bickerton has litigated over twenty class action cases, as lead or co-lead class counsel where he has been approved as such by the Court.  *Id.*  He is licensed to practice before the courts in the State of Hawaii and has 33 years of litigation experience.  *Id.*, ¶3.  Mr.

---

[4]      In class action cases, this Court has allowed recovery of costs for support personnel for conducting tasks that were not clerical or ministerial in nature. *See, e.g., Donkerbrook*, 2011 WL 3649539, at *8; *Blake v. Nishimura*, Civil No. 08–00281 LEK, 2010 WL 1372420 at *7–*9 (D. Haw. Mar. 31, 2010).

16

Bickerton has an established hourly billing rate of $445 per hour, which he routinely bills and collects from his hourly clients. *Id*., ¶5.

Courts in this district have approved similar hourly billing rates for partners practicing in Hawaii. *See Almodova*, 2010 WL 1372298, at *10 (awarding Hawaii-based partner with 33 years of experience $350 hourly rate); *Seven Signatures Gen. P'ship v. Irongate Azrep BW LLC*, 871 F. Supp. 2d 1040, 1053-54 (D. Haw. 2012) (awarding Hawaii-based partner with 35 years of experience $350 hourly rate).

### 3.   The Resultant Multiplier Is Reasonable

Utilizing Plaintiffs' Counsel regular hourly rates, the requested fee plus expenses is less than the lodestar – 0.62.   A multiplier of less than one (or a negative or fractional multiplier) demonstrates that the requested fee is well within the range of reasonableness. *See, e.g., Covillo v. Specialtys Cafe*, C-11-00594 DMR, 2014 WL 954516, at *7 (N.D. Cal. Mar. 6, 2014).

Performing a modified lodestar calculation approximating the forum hourly rates by reference to those the Court has applied in other recent class actions, *see, e.g.*, *Donkerbrook*, 2011 WL 3649539, at *9, and *Villon v. Marriott Hotel Services, Inc.*, No. 08-00529 LEK-RLP, ECF No. 211 at 14 (D. Haw. May 30, 2014), yields a lodestar including expenses of $1,318,21.10, which represents a multiplier of 1.39.  Since is common for courts to ***enhance*** the lodestar in complex litigation by multipliers between 3.0 and 4.5, and many courts have awarded higher multipliers,

this multiplier is still eminently reasonable. *See, e.g., Donkerbrook,* 2011 WL 3649539, at *10 (noting that in the Ninth Circuit multipliers from one to four are frequently awarded and awarding attorneys' fee applying a 3.6 multiplier); *Vizcaino*, 290 F.3d at 1051 (finding multipliers ranged as high as 19.6, though most run from 1.0 to 4.0); *Steiner v. American Broadcasting Co. Inc.*, 248 Fed. Appx. 780, 783 (9th Cir. 2007) (upholding fee award that resulted in multiplier of 6.85); *Bond v. Ferguson Enterprises, Inc.*, No. 1:09-cv-1662, 2011 WL 2648879 (E.D. Cal. Jun. 30, 2011) (approving fee request with multiplier of 1.75 in wage and hour class action settlement); *In re Wachovia Corp. "Pick-A-Payment" Mortg. Marketing and Sales Practices Litig.*, No. 5:09-md-02015, 2011 WL 1877630, at *7 (N.D. Cal. May 17, 2011) (approving fee request of one third of settlement fund, which resulted in multiplier of 2.2).

### D.   The Applicable Factors Support That the Requested Fee Is Reasonable

#### 1.   The Result Achieved

Courts consistently have recognized that the result achieved is an important factor to be considered in making a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983) ("most critical factor is the degree of success obtained"). Here, Plaintiffs' Counsel achieved a tremendous result – a Settlement Fund of $6.1 million and Injunctive Relief which modifies and clarifies the alleged false and misleading advertising and marketing statements. The Settlement Fund represents

18

a certain, present return for the Class to a litigation that would undoubtedly pose substantial risks to recovery.  Indeed, the Settlement Class Members will receive, at a minimum, $7.50 in a cash refund or $18.00 in vouchers, and could receive up to $45.00 in cash or vouchers valued at up to $90.00.  Given the price premium model that would likely be employed if the matter resolved at trial, the refund provided under the Settlement is significant.  Furthermore, the presence of non-quantifiable injunctive relief is "a 'relevant circumstance' in determining what percentage of the common fund class counsel should receive as attorneys' fees . . . ."  *Staton*, 327 F.3d at 974; *see also Larsen v. Trader Joe's Co.,* 11-CV-05188, 2014 WL 3404531, at *9 (N.D. Cal. July 11, 2014).  The Injunctive Relief obtained will benefit each and every Class Member through the corrective labeling, regardless of whether the Class Member submits a claim.  Given the inherent litigation risks in this putative nationwide class action, the Settlement is highly significant as it provides tangible benefits without the risks and delays of continued litigation.  Thus, it is clear that Plaintiffs' Counsel delivered a significant benefit to Truvia consumers nationwide. *See, e.g., Vizcaino,* 290 F.3d at 1049 (affirming fee award where settlement generated benefits beyond cash settlement fund).

### 2.    The Novelty and Difficulty of the Questions Presented

The novelty and difficulty of the issues in a case are significant factors to be considered in making a fee award. *See, e.g., Vizcaino v. Microsoft Corp.*, 142 F.

Supp. 2d 1299, 1306 (W.D. Wash. 2001). This case was novel and difficult in light of the scientific background required to understand the complex chemical composition and processing of the Truvia ingredients. Guglielmo Decl., ¶58; Halunen Decl., ¶71; Reese Decl., ¶¶9-10. The issue in this case concerned the marketing of a sugar alternative containing allegedly artificial and synthetic ingredients with various suggestive, but not necessarily explicit, claims that the product was all natural and made predominantly from the stevia plant. Guglielmo Decl., ¶58; Halunen Decl., ¶5; Reese Decl., ¶7. There is no established statutory or regulatory definition of what constitutes a natural product. Moreover, the statements challenged appeared in a variety of media, including on the Truvia Consumer Products' labels and website, all of which included different variations and combinations of phrases so that Plaintiffs were tasked with the particularly difficult challenge of demonstrating a common message or theme. Guglielmo Decl., ¶58; Halunen Decl., ¶71; Reese Decl., ¶¶36-37, 62. For these reasons, this factor weighs in favor of the requested fee award. *Cf. Johnson v. Gen. Mills, Inc.*, SACV 10-00061, 2013 WL 3213832, at *6 (C.D. Cal. June 17, 2013) (finding that action involving complex scientific evidence supported requested fee award).

### 3.    The Skill Required

The successful prosecution of these complex claims required the participation of attorneys experienced in national class action litigation with

knowledge of all states' consumer protection laws. *See Rose v. Bank of Am. Corp.*, 5:11-CV-02390, 2014 WL 4273358, at *12 (N.D. Cal. Aug. 29, 2014) ("The 'prosecution and management of a complex national class action requires unique legal skills and abilities' that are to be considered when evaluating fees."); *Heritage Bond*, 2005 WL 1594389, at *12 ("The experience of counsel is also a factor in determining the appropriate fee award.").   From the outset, Plaintiffs' Counsel engaged in a significant effort to obtain the maximum recovery for the Class.   Guglielmo Decl., ¶¶3-22; Halunen Decl., ¶¶35, 74; Reese Decl., ¶¶9-33. Plaintiffs' Counsel, through their thorough pre-filing investigation and litigation efforts, made early settlement feasible, demonstrating that they would work to develop sufficient evidence to support a convincing case.   Guglielmo Decl., ¶¶3-16; Halunen Decl., ¶¶6-7; Reese Decl., ¶¶9-33.   The skill demonstrated by Plaintiffs' Counsel in developing the Complaints and getting Cargill into settlement talks and mediation early supports the requested fee. *See Vizcaino*, 290 F.3d 1050 n.5 (noting that early resolution may be a relevant factor).

### 4.    Preclusion from Other Employment

In light of the number of hours worked on this action and dedication to achieving a successful result, it necessarily precluded Class Counsel from pursuing other litigation opportunities.   Guglielmo Decl., ¶61; Halunen Decl., ¶73; Reese Decl., ¶61.

### 5. The Customary Fee

If this were a non-representative litigation, the customary fee arrangement would be contingent, on a percentage basis, and in the range of 30% to 40% of the recovery. *See, e.g., Blum v. Stenson*, 465 U.S. 866, 902 n.19 (1984) ("In tort suits, an attorney might receive one-third of whatever amount the plaintiff recovers.") (concurring); *In re Ikon Office Solutions, Inc., Sec. Litig.*, 194 F.R.D. 166, 194 (E.D. Pa. 2000) (citing sources indicating private contingent fee arrangements are in the range of 30-40% of the recovery). Plaintiffs' Counsel's hourly rates also are those charged to private clients. Guglielmo Decl., ¶42; Cohn, ¶3; Bickerton, ¶5. Accordingly, the customary contingent fee in the private marketplace supports a finding that the 30% fee request in this case is reasonable.

### 6. The Contingent Nature of the Fee

The Ninth Circuit has long recognized that the public interest is served by rewarding attorneys who assume representation on a contingent basis to compensate them for the risk that they might be paid nothing at all for their work. *WPPSS*, 19 F.3d at 1299 ("Contingent fees that may far exceed the market value of the services if rendered on a non-contingent basis are accepted in the legal profession as a legitimate way of assuring competent representation for plaintiffs who could not afford to pay on an hourly basis regardless whether they win or lose."); *Vizcaino*, 290 F.3d at 1051 (courts reward successful class counsel in

22

contingency cases "for taking the risk of nonpayment by paying them a premium over their normal hourly rates"). It is an established practice in the private legal market to reward attorneys for taking the risk of non-payment by paying them a premium over their normal hourly rates for winning contingency cases. *See* Richard A. Posner, ECONOMIC ANALYSIS OF LAW §21.9, at 534-35 (3d ed. 1986). Contingent fees that may far exceed the market value of the services if rendered on a non-contingent basis are accepted in the legal profession as a legitimate way of assuring competent representation for plaintiffs who could not afford to pay on an hourly basis regardless of whether they win or lose. *WPPSS*, 19 F.3d at 1299.

Plaintiffs' Counsel undertook this action on an entirely contingent-fee basis, assuming a substantial risk that the litigation would yield no, or very little, recovery and leave them uncompensated for their time, as well as for their substantial out-of-pocket expenses. Guglielmo Decl., ¶56; Halunen Decl., ¶67; Reese Decl., ¶¶61-62. Indeed, Plaintiffs' Counsel have received no compensation for their efforts and costs during the course of this litigation. Guglielmo Decl., ¶56; Halunen Decl., ¶67; Reese Decl., ¶61. Absent this settlement, there was a sizeable risk that, at the end of the day, Class Members, as well as their counsel, would obtain no recovery. Despite the litigation risks, Plaintiffs' Counsel were able to forge a resolution that provides significant monetary relief to the Class as well as significant labeling revisions to Truvia packaging and advertising. Thus,

there is little doubt that Class Counsel undertook a significant risk here and the fee award, respectfully, should reflect that risk.

### 7.    The Risk of Continued Litigation

Numerous cases have recognized that risk is an important factor in determining a fair fee award. *See, e.g.*, *WPPSS*, 19 F.3d at 1299-1301; *Vizcaino*, 290 F.3d at 1048 (risk of dismissal or loss on class certification is relevant to evaluation of a requested fee). Uncertainty that an ultimate recovery would be obtained is highly relevant in determining risk. *Id*. at 1300; *see also Heritage Bond*, 2005 WL 1594389, at *14 ("The risks assumed by Class Counsel, particularly the risk of non-payment or reimbursement of expenses, is a factor in determining counsel's proper fee award."). Here, substantial risks and uncertainties were present from the outset of this litigation that made it far from certain that any recovery for the Class would be obtained. As a complex consumer class action on behalf of a putative nationwide class, this case would entail hard-fought and lengthy litigation. Guglielmo Decl., ¶59; Halunen Decl., ¶68; Reese Decl., ¶¶37, 61-62. This case has been pending for approximately 14 months in Hawaii, 19 months in Minnesota, and 12 months in California and Florida. If litigation were to continue, party and non-party discovery would be sought, requiring time-consuming review. Guglielmo Decl., ¶59; Halunen Decl., ¶72; Reese Decl., ¶¶36-37. The case also would require extensive expert analysis of the

Truvia ingredients, as well as the consumer impact of Defendant's representations regarding the product's purported attributes.  Guglielmo Decl., ¶59; Halunen Decl., ¶37; Reese Decl., ¶37.  The case likely would shape up to be a battle of the experts, and thus, expert expenses would be substantial.  Guglielmo Decl., ¶59; Halunen Decl., ¶72; Reese Decl., ¶37.  *See, e.g., Johnson*, 2013 WL 3213832, at *6 (finding that action involving complex scientific evidence, which necessitated expensive experts, supported requested fee award).  As a putative nationwide class action, complex legal and factual issues would be the subject of pretrial motions, including for class certification.  The class certification decision likely would lead to the inevitable Rule 23(f) interlocutory appeal, potentially delaying prosecution of the case should a stay pending appeal be granted.  Given the prospect of protracted litigation, engendering enormous time and monetary expenditure, this factor weighs in favor of Plaintiffs' Counsel's application.

### 8.    The Reaction of the Class

A robust notice program was implemented in connection with this settlement.  Combining the published notice, web-based banner-style notice campaign with the keyword search and social media notice campaigns described above, the overall web-based notice campaign delivered more than an estimated 82.8 million web impressions and publication was made in two targeted high-readership consumer publications with a combined circulation of 45 million.  *See*

Declaration of Jeffrey D. Dahl With Respect to Implementation of the Notice Plan and Performance of Required Settlement Administration Activities ("Dahl Decl."), ¶¶23.  To date, more than 25,000 claims have been filed.[5]  *Id.*, ¶32.  Further, no objections to the requested amount of attorneys' fees and expenses have been received, and only one exclusion has been received.[6]  *Id.*, ¶¶35-36.  The Third Circuit has noted that a low level of objections is a "rare phenomenon."  *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005).  The reaction of the Class, therefore, weighs heavily in favor of approving the fee request.  *See, e.g., Heritage Bond*, 2005 WL 1594403, at *21.

## IV.   PLAINTIFFS' COUNSEL'S EXPENSES ARE REASONABLE

Plaintiffs' Counsel in this case have incurred expenses in the aggregate amount of $83,305.60 while prosecuting the action.  Guglielmo Decl., ¶51. These expenses are appropriate and should be added to the lodestar in calculating the multiplier, as contemplated under the Settlement, ¶8.1.  The appropriate analysis to apply in deciding which expenses are compensable is whether the particular costs are of the type typically billed by attorneys to paying clients in the marketplace. *See Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994); *Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens County, Okla.*, 8 F.3d 722, 725-26 (10th Cir.

---

[5]    The last day to file a claim is December 5, 2014.  Dahl Decl., ¶32.
[6]    The deadline to object or opt out is September 26, 2014.  *Id.*, ¶¶35-36. Plaintiffs will be able to apprise the Court in their reply brief, as to the final tally of any objections or additional opt outs.

1993); *Abrams v. Lightolier Inc.*, 50 F.3d 1204, 1225 (3d Cir. 1995).

Each Plaintiffs' Counsel firm summarizes its expenses by category in its respective Declaration and also, to the extent available, attaches a detailed expense report thereto.   Guglielmo Decl., ¶51; Halunen Decl., ¶55; Reese Decl., ¶¶51; Cohn Decl., ¶5; Wood Decl., ¶7; Beck Decl., ¶10; Baird Decl., ¶8; Riebel Decl., ¶9.   The categories of expenses for which counsel seek reimbursement – filing, service & other fees (*e.g.*, *pro hac vice* fees); courier/overnight delivery; court transcripts; photocopies; postage; telephone/facsimile; travel (meals, hotels, and transportation); outside consultants/experts; and mediation – are the type of expenses routinely charged to hourly paying clients and should, therefore, be reimbursed out of the common fund.   *See, e.g., In re Toys R Us–Delaware, Inc. Fair and Accurate Credit Transactions Act (FACTA) Litig.,* 295 F.R.D. 438, 469 (C.D. Cal. 2014) ("'Expenses such as reimbursement for travel, meals, lodging, photocopying, long-distance telephone calls, computer legal research, postage, courier service, mediation, exhibits, documents scanning, and visual equipment are typically recoverable.'"); *Benedict v. Diamond Resorts Corp.,* No. 1:12-cv-00183-DAE-BMK (D. Haw. June 6, 2013), ECF No. 92 (approving $48,833.77 reimbursement expenses for expert; airfare, hotel, and meals associated with mediation sessions and court hearings; and other typical litigation costs such as filing fees, copying costs, and document discovery); *Donkerbrook,* 2011 WL

3649539, at *11 (approving reimbursement of mediator fees, travel, *pro hac vice* application fees, and copying, fax, postage and messenger charges).  Because these expenses were all necessarily incurred by Plaintiffs' Counsel in the course of prosecuting this action, Guglielmo Decl., ¶46; Halunen Decl., ¶57; Reese Decl., ¶53; Wood Decl., ¶¶7-8; Baird Decl., ¶5; Beck Decl., ¶10; Cohn Decl., ¶5; Riebel Decl., ¶9, they should be added to lodestar in performing the multiplier calculation.

## V.    THE REQUESTED INCENTIVE AWARD TO EACH NAMED PLAINTIFF IS REASONABLE

"Incentive awards are fairly typical in class action cases." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009); *see Toys R Us*, 295 F.R.D. at 470. When considering requests for incentive awards, courts consider five factors:

> 1) the risk to the class representative in commencing suit, both financial and otherwise; 2) the notoriety and personal difficulties encountered by the class representative; 3) the amount of time and effort spent by the class representative; 4) the duration of the litigation[;] and[] 5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation.

*Van Vranken*, 901 F. Supp. at 299. The court must ensure that any incentive awards do not create conflicts of interest between the recipients and the class. *See Radcliffe v. Experian Info. Solutions, Inc*., 715 F.3d 1157, 1163-64 (9th Cir. 2013). Incentive awards in the range of $5,000 are typical.  *See, e.g., Mego Fin. Corp.*, 213 F.3d at 457, 463 (affirming award of $5,000 to class representatives); *In re Toys R Us*, 295 F.R.D. at 470 (granting awards of $5,000 to class representatives);

*Faigman v. AT & T Mobility LLC*, No. C06–04622, 2011 WL 672648, at *5 (N.D. Cal. Feb. 16, 2011) (same).

Plaintiffs' Counsel request a $2,000 incentive award for each named Plaintiff. Three of the *Van Vranken* factors weigh in favor of the requested awards: the time and effort expended by each Plaintiff; the duration of the litigation (a year or more for each Plaintiff); and the lack of any significant personal benefits to the Plaintiffs that would create a conflict with the Class. *See Van Vranken*, 901 F. Supp. at 299. Each Plaintiff worked closely with her respective counsel. Among other things, each reviewed pleadings and court filings; met telephonically or in-person with counsel to discuss her case; and evaluated the proposed settlement. Guglielmo Decl. ¶¶62-63, Exhibit D (Declaration of Denise Howerton), Exhibit E (Declaration of Ruth Pasarell), Exhibit F (Declaration of Erin Calderon), Exhibit G (Declaration of Molly Martin), Exhibit H (Declaration of Lauren Barry); Halunen Decl., ¶76; Reese Decl., ¶39; Wood Decl., ¶13. Based on the declarations submitted, the time and effort each Plaintiff contributed weighs in favor of the requested incentive awards. *See Toys R Us*, 295 F.R.D. at 471.

Apart from an incentive award (if granted), none of the Plaintiffs will receive any benefits beyond those they would receive as ordinary Class Members. Guglielmo Decl., ¶64; Halunen Decl., ¶77; Reese Decl., ¶39. That also weighs in

29

favor of an award.  *See id.* at 472 ("An incentive award may be appropriate when a class representative will not gain any benefit beyond that he would receive as an ordinary class member.").  Further, the requested awards are modest. Thus, the requested incentive awards will not give rise to any conflicts of interest between Plaintiffs and the Class.  *Cf. Radcliffe*, 715 F.3d at 1163-67 (finding that incentive awards created a conflict when they were conditioned on support for a settlement); *Staton*, 327 F.3d at 975-78 (finding that incentive awards created a conflict when they were disproportionately large).  The remaining *Van Vranken* factors are neutral as they are not implicated under the circumstances of this case. Accordingly, the requested incentive awards should be approved.

## VI.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant the instant motion for the entry of an Order approving: (i) Plaintiffs' Counsel's requested attorney's fee award and expense reimbursement in the amount of 30% of the Settlement Fund, or $1.83 million; and (ii) payment of an incentive award of $2,000 to each Plaintiff.


DATED:  September 12, 2014        SCOTT+SCOTT, ATTORNEYS AT LAW, LLP

*/s/ Joseph P. Guglielmo*
Joseph P. Guglielmo (*pro hac vice*)
Erin Green Comite (*pro hac vice*)
The Chrysler Building

30

405 Lexington Avenue, 40th Floor
New York, NY 10174
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
jguglielmo@scott-scott.com
ecomite@scott-scott.com

*Counsel for Plaintiffs Howerton, Calderon and Pasarell and the Proposed Class*

HALUNEN & ASSOCIATES

*/s/ Melissa Wolchansky*
Clayton D. Halunen (*pro hac vice*)
Melissa Wolchansky (*pro hac vice*)
1650 IDS Center
80 S 8th Street
Minneapolis, Minnesota  55402
Telephone: (612) 605-4098
Facsimile: (612) 605-4099
halunen@halunenlaw.com
wolchansky@halunenlaw.com

REESE RICHMAN LLP

*/s/ Michael R. Reese*
Michael R. Reese (*pro hac vice*)
Kim E. Richman (*pro hac vice*)
875 Avenue of the Americas, 18th Floor
New York, New York  10001
Telephone: (212) 643-0500
Facsimile:  (212) 253-4272
mreese@reeserichman.com
krichman@reeserichman.com

*Counsel for Plaintiffs Martin and Barry and the Proposed Class*

31

Lawrence W. Cohn
Attorney at Law
75-109 Lolo Lane
Kailua Kona, HI 96740
Telephone:  (808) 324-1611
Facsimile:  (808) 322-6168
elcohnhead@hawaii.rr.com

E. Kirk Wood
WOOD LAW FIRM, LLC
P. O. Box 382434
Birmingham, Alabama 35238-2434
Telephone:  (205) 908-4906
Facsimile:  (866) 747-3905
ekirkwood1@bellsouth.net

Greg L. Davis
DAVIS & TALIAFERRO
7031 Halcyon Park Drive
Montgomery, AL 36117
Telephone: 334-832-9080
Facsimile: 334-409-7001
gldavis@knology.net

*Additional Counsel for Plaintiff Howerton*

Jared H. Beck
BECK & LEE TRIAL LAWYERS
66 West Flagler Street, Suite 1000
Miami, Florida 33130
Telephone: (305) 789-0072
Facsimile: (786) 664-3334
jared@beckandlee.com

*Additional Counsel for Plaintiffs Howerton and Pasarell*

Stanley D. Saltzman
Marcus J. Bradley
William A. Baird

32

MARLIN & SALTZMAN, LLP
29229 Canwood Street, Suite 208
Agoura Hills, CA  91301
Telephone:  (818) 991-8080
Facsimile:  (818) 991-8081
ssaltzman@marlinsaltzman.com
mbradley@marlinsaltzman.com
tbaird@marlinsaltzman.com

*Additional Counsel for Plaintiff Calderon*

BICKERTON DANG LLLP
James J. Bickerton
745 Fort Street
Honolulu, Hawaii 96813
Telephone: (808) 599-3811
Facsimile: (808) 694-3090
bickerton@bsds.com

*Additional Counsel for Plaintiffs Martin and Barry*