**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF HAWAII**

| | |
|---|---|
| DENISE HOWERTON, ERIN CALDERON, and RUTH PASARELL, Individually and on Behalf of all Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CARGILL, INC.,<br><br>Defendant. | Civil No. 13-00336 LEK-BMK |
| MOLLY MARTIN and LAUREN BARRY, on behalf of themselves and others similarly situatiated,<br><br>Plaintiffs,<br><br>vs.<br><br>CARGILL, INC.,<br><br>Defendant. | Civil No. 14-cv-00218-LEK-BMK |

**SUPPLEMENTAL DECLARATION OF JEFFREY D. DAHL WITH RESPECT TO IMPLEMENTATION OF THE NOTICE PLAN AND PERFORMANCE OF REQUIRED SETTLEMENT ADMINISTRATION ACTIVITIES**

I, Jeffrey D. Dahl, being duly sworn and deposed, say:

1. I am over 21 years of age and am not a party to this action.

2. I have personal knowledge of the facts stated herein and, if called as a witness, could and would testify competently thereto.

3. I am President of Dahl Administration, LLC ("Dahl"). Dahl has been retained as the Notice Administrator for the above-captioned action. I am a nationally recognized expert with over 20 years of experience in class action notice and settlement administration. I have

provided settlement administration services for more than 500 class actions involving securities, product liability, fraud, property, employment and discrimination. I have experience in all areas of settlement administration including, but not limited to, notification, claims processing and distribution. I have served as a Distribution Fund Administrator for the U.S. Securities and Exchange Commission.

4. Dahl has been selected as Notice Administrator and Settlement Administrator jointly by Class Counsel and Cargill Inc.'s ("Cargill") Counsel in their Class Settlement Agreement ("Settlement Agreement") and appointed by the Court pursuant to the Court's Order Preliminarily Approving Class Action Settlement, Certifying Settlement Class, Approving Notice Plan, and Scheduling Date for Final Fairness Hearing, entered by the Court on July 24, 2014 ("Preliminary Approval Order").

5. I previously submitted an Affidavit of Jeffrey D. Dahl with Respect to Settlement Notice Plan, which was attached as Exhibit C to the Settlement Agreement, and a Declaration of Jeffrey D. Dahl With Respect to Implementation of the Notice Plan and Performance of Required Settlement Administration Activities, which was attached as Exhibit 10 to the Motion for Final Approval of Class Action Settlement and Request for Entry of Final Judgment.

6. I submit this Declaration to provide updated information to the Court regarding the execution of the Court-approved Notice Plan, the number and nature of claims filed, as well as other updated information related to the administration of this settlement.

7. This Declaration includes: (a) updated information related to the execution of the web-based advertisement component of the settlement Notice Plan; (b) updated information related to the execution of the keyword search advertisement component of the settlement Notice Plan; (c) updated information related to the execution of the social media component of the settlement Notice Plan; (d) a summary of the total impressions achieved by the digital and print

media notice plans to date; (e) updated information related to the settlement website; (f) updated information related to the toll-free telephone helpline; (g) an updated accounting of other communications related to the settlement; (h) an updated accounting of requests for exclusion and objections related to the settlement; (i) an updated accounting of claims filed, including the number of Claimants who have elected the cash versus voucher options; (j) projected Class Member recovery amounts and cy pres distribution amounts based upon the current claim filing rates; (j) the cost of providing notice and administering the settlement; and (k) my opinion, as an expert in class action notice and claims administration, about the adequacy of the Court-approved Notice Plan.

## WEB-BASED NOTICE

8. Dahl's media partner FRWD implemented a web-based notice campaign using banner-style notices measuring 728 x 90 pixels and 300 x 250 pixels, which was substantially similar to the notices included as Exhibit 4 to the Affidavit of Jeffrey D. Dahl With Respect to Settlement Notice Plan dated June 17, 2014. The banner-style notices contained a link to the Settlement website at www.TruviaSweetenerLawsuit.com.

9. The banner-style notices were caused to appear in prominent positions on a subset of individual websites from two networks of websites known as the Reach Channel and Foodie Sites. The banner notices will run on websites when the site's demographics match the target audience. The banner-style notices will appear every day during the campaign period of August 7, 2014 to December 1, 2014. As of October 15, 2014, the banner-style notices were placed on selected websites from the two website networks 52,825,896 times.

10. Dahl's media partner FRWD continues to examine "click-through rate" (CTR) data for each website on which the banner-style notices appear on at least a weekly basis. FRWD staff then optimizes the allocation of banner-style notice advertisements across websites

based upon the observed CTR data. This process maximizes the exposure of potential Class Members to the Settlement Website, increases the efficiency of the web-based Notice campaign, and drives increases in the claim filing rate throughout the Notice campaign period.

**KEYWORD SEARCH NOTICE**

11. Dahl's media partner FRWD formatted keyword search notice advertisements meeting the standards of the Google and Bing search engine websites. These keyword search notice advertisements were reviewed and approved by the Parties. These notices contained a link to the Settlement website at www.TruviaSweetenerLawsuit.com.

12. The keyword search notices will potentially appear every day during the campaign period of August 7, 2014 to December 1, 2014, in response to search engine users' entry of specific keyword phrases. Through October 15, 2014, the keyword search notices were displayed 33,099 times in response to Google or Bing search engine users' queries that included relevant search terms. The most commonly entered keyword search terms triggering display of the keyword search notice advertisement were "Truvia Sweetener," "Truvia Natural Sweetener," "Truvia Natural," "Truvia Sweetener Lawsuit," and "Is Truvia Natural."

**SOCIAL MEDIA NOTICE**

13. Dahl's media partner FRWD formatted Facebook display notice advertisements meeting the standards of the Facebook social network. The social media notices were reviewed and approved by the Parties. These notices contained a link to the Settlement website at www.TruviaSweetenerLawsuit.com.

14. The social media notices will appear every day during the campaign period of August 7, 2014 to December 1, 2014. Through October 15, 2014, the social media notices were displayed 50,024,272 times on the Facebook pages of users with the targeted Facebook interested areas.

## NOTICE SUMMARY

15. Combining the web-based banner-style notice campaign with the keyword search and social media notice campaigns described above, the overall web-based notice campaign delivered more than an estimated 102,883,267 million web impressions through October 15, 2014. Each web impression is an opportunity for a potential class member to click on the banner, search, or social media notice advertisement and view the Settlement Website. In addition, Print Publication notice will be displayed to over 45 million readers.

16. The notice campaign is ongoing during the remainder of the claims filing period.

## SETTLEMENT WEBSITE

17. Dahl established a settlement website at www.TruviaSweetenerLawsuit.com. The settlement website was activated on July 29, 2014, and is still operating. On September 16, 2014, the Motion and Memorandum of Law Final Approval of Class Action Settlement and Request for Entry of Final Judgment and Plaintiffs' Motion for Approval of Attorneys' Fee Award, Expense Reimbursement and Incentive Awards, and all related documents were posted on the Settlement Documents page of the settlement website.

18. As of October 15, 2014, the settlement website has received 154,313 visits.

## SETTLEMENT INFORMATION LINE

19. On July 29, 2014, Dahl established an automated toll-free settlement information line (1-888-512-0492) to assist potential settlement Class Members and any other persons seeking information about the settlement. As of October 15, 2015, the settlement information line has received 461 telephone calls.

## OTHER COMMUNICATIONS

20. As of October 15, 2014, Dahl has received, and responded to when appropriate, 723 emails and 81 pieces of written correspondence related to this settlement.

## REQUESTS FOR EXCLUSION

21. The deadline for potential class members to request to be excluded from this settlement was September 26, 2014. Through October 15, 2014, Dahl has received one timely exclusion request and no untimely exclusion requests. A summary of the exclusion request is attached as Exhibit 1 to this Declaration.

## CLAIMS FILED

22. As of October 15, 2014, Dahl has received a total of 82,860 claims for settlement benefits. Of this total, 81,989 were filed online at www.TruviaSweetenerLawsuit.com and 871 were submitted by mail. Of the 82,810 of claims that have been processed, 77,871 claimants, or 94%, have selected the cash option and 4,939, or 6%, have selected the voucher option.

23. As of October 15, 2014, no claim has been submitted listing the name "Monica Mager" or any name substantially similar to that name.

24. The Court-ordered claim filing deadline is December 5, 2014. Claims filed online will be deemed timely if received on or before December 5, 2014, and paper claims will be deemed timely if postmarked on or before December 5, 2014. Based on the current claims filing rate, I expect that there will be between 100,000 and 150,000 claims filed. This filing rate represents 2% to 3% of the best ballpark estimate of Settlement Class size available, which is that the Settlement Class may include approximately 5 million persons based upon Nielsen market share and household usage data.

25. Based upon my experience in administering consumer product class action settlements without large direct notice components like this case, a claim filing rate of 2% to 3% is indicates that the Notice Program was successful in reaching potential class members and is in line with the anticipated claim rate I attested to my prior Affidavit . A large class action settlement administrator recently conducted a review of the claim filing rates in "media notice"

consumer settlements involving "little or no direct mail notice." The median claim filing rate that administrator observed in those cases was .023%.[1] The administrator stated that media notice consumer settlements "will almost always have a claims rate of less than one percent (1%)." Given the available data and my experience with class action notice and claims administration, I believe the projected claim rate is reasonable and reflects a notice program that sufficiently and effectively notified potential settlement class members about this class settlement.

## PROJECTED DISTRIBUTION OF SETTLEMENT FUNDS

26. As of October 15, 2014, the average expected recovery for Claimants choosing the cash option is $28.43 and for those choosing the voucher option is $56.84.

27. I have calculated the distribution value of the claims in accordance the terms of the Settlement Agreement. After applying the upward pro rata adjustment, the current claims filed are sufficient to exhaust the entire settlement fund. Therefore, the only funds going to cy pres will be the de minimus remainder funds from uncashed checks and unredeemed vouchers.

## ADMINISTRATION COSTS

28. As of October 15, 2014, the costs of providing class notice and settlement administration have totaled $306,662.80. I estimate that the total notice and settlement administration costs will be $515,515.

## CONCLUSION

29. The Notice Plan that was approved by the Court will produce more than 147 million print and digital impressions that are targeted using methods universally employed in the advertising industry at persons that match the characteristics of the Settlement Class. In my

[1] Poertner v. Gillette Co., 12-CV-00803, (M.D. Fla.) Decl. of Deborah McComb, Doc. No. 156, April 21, 2014.

30. It is also my opinion that the approved Notice Plan is fully compliant with Rule 23 of the Federal Rules of Civil Procedure and meets the notice guidelines established by the Federal Judicial Center's Manual for Complex Litigation, 4th Edition (2004), as well the Federal Judicial Center's Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide (2010), and is consistent with notice programs approved previously by both State and Federal Courts.

I declare under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

Executed this 17th day of October, 2014 in Minneapolis, Minnesota.

Jeffrey D. Dahl
President
Dahl Administration, LLC