IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DENISE HOWERTON, ERIC CALDERON, and RUTH PASARELL, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) ) ) | CIVIL 13-00336 LEK-BMK |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| CARGILL, INC., | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |
| MOLLY MARTIN and LAUREN BARRY, on behalf of themselves and others similarly situated, | ) ) ) ) ) | CIVIL 14-00218 LEK-BMK |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| CARGILL, INC., | ) ) | |
| Defendant | ) ) | |
| _____ | ) | |

**ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND REQUEST FOR ENTRY OF FINAL JUDGMENT; AND MOTION FOR APPROVAL OF ATTORNEYS' FEE AWARD, EXPENSE REIMBURSEMENT, AND INCENTIVE AWARDS**

Before the Court is Plaintiffs Denise Howerton, Erin Calderon, Ruth Pasarell, Molly Martin, and Lauren Barry's (collectively, "Plaintiffs"): Motion for Final Approval of Class Action Settlement and Request for Entry of Final Judgment, filed on September 12, 2014 ("Final Approval Motion"); and Motion for Approval of Attorneys' Fee Award, Expense Reimbursement, and

Incentive Awards, filed on September 12, 2014 ("Fee Motion" collectively, "Motions"). [Dkt. nos. 100, 103.] Plaintiffs also filed various errata and supplements on September 15, 2014, and October 17, 2014. [Dkt. nos. 104, 105, 106, 110.] Three class members filed objections on September 26, 2014, (collectively, "Objections") [dkt. nos. 107 (Muller Objection), 108 (Mager Objection), 115 (Palmer Objection),[1]] Defendant Cargill, Incorporated ("Defendant") filed its response to the Objections on October 20, 2014, [dkt. no. 114,] and Plaintiffs filed their reply in support of the Motions, which addressed the objections, also on October 20, 2014 [dkt no. 113].

This Court held a final fairness hearing and a hearing on the Motions on October 27, 2014.[2] For the reasons set forth below, and after due consideration of the evidence and arguments presented by the parties and the objectors and the record in this case, the Court CONCLUDES that good cause exists to GRANT final approval of the settlement agreement in this action pursuant to

---

[1] On October 16, 2014, this Court issued an entering order regarding the timeliness of the objections since there was a delay between the receipt of the objections, in particular, the Palmer Objection, and their filing on the docket in this case. [Dkt. no. 109.] The Objections cited herein were timely received, and thus the Court has considered them in reaching its decision on the Motions.

[2] This Court issued its Order Preliminarily Approving Class Action Settlement Agreement, Certifying Settlement Class, Approving Notice Plan, and Scheduling Date for Final Fairness Hearing on July 24, 2014 ("Preliminary Approval Order"). [Dkt. no. 97.]

Federal Rules of Civil Procedure Rule 23(e) and to GRANT Plaintiffs' Motions.

## BACKGROUND

This action was originally brought as four separate putative class action lawsuits in four different states initiated in July and September 2013 relating to the labeling and marketing of Truvia Natural Sweetener ("Truvia" or "the Product"), and was consolidated by this district court on May 19, 2014. [Stipulation for Consolidation, filed 5/16/14 (dkt. no. 81); Entering Order, filed 5/19/14 (dkt. no. 82).] Plaintiffs allege that Defendant misled consumers by advertising Truvia as a natural sweetener, when in actuality it is largely synthetic and chemically-produced, and that consumers were injured because they purchased Truvia on that basis since Truvia is more expensive than its sugar-alternative competitors, like Sweet 'N Low and Splenda.

Plaintiffs contend that this misconduct constitutes: unjust enrichment; violations of Haw. Rev. Stat. §§ 480-1 *et seq.*, 481A-1 *et seq.*; violations of other states' deceptive practice acts; breach of express and implied warranties; and violation of state consumer fraud laws. The Amended Class Action Complaint ("Amended Complaint"), [filed 5/12/14 (dkt. no. 80),] seeks: certification of the nationwide and/or Hawai`i, Florida and California classes; preliminary and permanent injunctions;

corrective advertising and information campaigns; restitution; disgorgement; damages compensating the classes; attorneys' fees and costs; and any other relief that they are entitled to receive.

## DISCUSSION

### I. Final Approval Motion

On June 19, 2014, Plaintiffs filed their Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion for Preliminary Approval"). [Dkt. no. 92.] The parties' Class Settlement Agreement ("Settlement Agreement") is attached to the Motion for Preliminary Approval as Exhibit 1. [Motion for Preliminary Approval, Decl. of Joseph P. Guglielmo in Supp. of Pltfs.' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Guglielmo Decl."), Exh. 1.] The parties agreed to the following definition of the settlement class ("the Class"):

> All persons who, during the Class Period July 1, 2008 to July 24, 2014 both reside in the United States and purchased in the United States and purchased in the United States any of the Truvia Consumer Products for their household use or personal consumption and not for resale. Excluded from the Settlement Class are: (a) Cargill's board members or executive-level officers, including its attorneys; (b) governmental entities; (c) the Court, the Court's immediate family, and the Court staff; and (d) any person that timely and properly excluded himself or herself from the Settlement Class in accordance with the procedures approved by the Court.

[Settlement Agreement at ¶ 2.29.]

4

The key terms of the settlement are as follows:

- Defendant shall establish a settlement fund ("Settlement Fund") of $6.1 million composed of cash and vouchers;

- Defendant will make changes to its Truvia labeling within ninety days of the effective date of the Settlement Agreement;

- Defendant will provide more information to consumers about the ingredients in Truvia;

- Plaintiffs agree that Class counsel will receive an award of attorneys' fees and costs of no more than thirty percent of the Settlement Fund, which represents $1.83 million; and

- the five Plaintiffs would request incentive payments of $2,000.00 each to be paid from the Settlement Fund.

[Id. at ¶¶ 4.1, 4.7, 4.8, 8.1, 8.5.]

This Court granted preliminary approval of the settlement, finding that it was "within the range of possible approval as fair, reasonable, and adequate, within the meaning of Rule 23 and the Class Action Fairness Act of 2005." [Prelim. Approval Order at 7.] The Court scheduled the final fairness hearing for October 27, 2014.

As of September 10, 2014, the claims administrator has received 26,192 claims, 25,788 of which were filed online at www.TruviaSweetnerLawsuit.com. Of the online claims, ninety-five percent have selected the cash option. Further, he has received no objections. Since the deadline is December 5, 2014, the claims administrator expects a total of between 75,000 and 100,000 claims, which is 1.5 to 2.0% of the estimated class. [Final Approval Motion, Decl. of Jeffrey D. Dahl with Respect to

Implementation of the Notice Plan and Performance of Required Settlement Administration Activities ("Dahl Decl.") at ¶¶ 32-34.]

The Court therefore FINDS that, as required by Federal Rules of Civil Procedure Rule 23(e)(1), notice of the settlement was directed in a reasonable manner to all Class members who would be bound by the settlement.

Regarding final approval of the terms of the settlement, Federal Rule of Civil Procedure 23(e) states, in pertinent part:

> The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval. The following procedures apply to a proposed settlement, voluntary dismissal, or compromise:
>
> (1) The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.
>
> (2) If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate.
>
> (3) The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.
>
> . . . .
>
> (5) Any class member may object to the proposal if it requires court approval under this subdivision (e); the objection may be withdrawn only with the court's approval.

"The purpose of Rule 23(e) is to protect the unnamed members of the class from unjust or unfair settlements affecting their

rights." In re Syncor ERISA Litig., 516 F.3d 1095, 1100 (9th Cir. 2008) (citation omitted).

This Court must examine the parties' settlement as a whole for overall fairness.  This Court must approve or reject the settlement in this case in its entirety; this Court cannot alter certain provisions.  See Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998).  This Court must balance the following factors:

> the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

Id. (citations omitted).

Despite being duly notified of the settlement, only three class members have submitted objections to the settlement, and no class member appeared at the final fairness hearing to object to the settlement.  The Court has reviewed the Objections and finds they have no merit.  Each of the Objections included arguments that the attorneys' fees were not reasonable.  The Court addresses the attorneys' fees in the Class Settlement *supra* Section II below.

The Court specifically DENIES the Objections insofar as: class members had sufficient time to review the Fee Motion,

see In re Mercury Interactive Corp. Sec. Litig., 618 F.3d 988, 995 (9th Cir. 2010) (fairness of timing in discretion of court so long as there is a review period before objections); requiring opt-out by mail is not unduly financially burdensome, and the claims process is fair; there is a substantial nexus between the organizations selected as *cy pres* recipients and the interests of the class members as alleged in the Complaint, see Lane v. Facebook, Inc., 696 F.3d 811, 820-21 (9th Cir. 2012) ("We do not require as part of that doctrine that settling parties select a *cy pres* recipient that the court or class members would find ideal."); and the vouchers offered to class members, and only five percent of the claimants have opted for so far, are not coupons, and are appropriate, see CLRB Hanson Indus., LLC v. Weiss & Associates, PC, 465 F. App'x 617, 619 (9th Cir. 2012) (finding cash equivalent voucher was "not a 'coupon settlement'").[3]

      Finally, Plaintiffs have presented evidence that no class member has requested exclusion from the Class. The Court has reviewed the memoranda, the objections, and the applicable law, and FINDS the Settlement Agreement fair, reasonable, and adequate.

---

[3] To the extent that the Objections raised other arguments, the Court rejects those arguments as well.

**II. <u>Fee Motion</u>**

Insofar as the parties have allocated a portion of the settlement amount for Plaintiffs' attorneys' fees and expenses, this Court must examine the reasonableness of the award before it can grant final approval of the settlement.

    **A.  <u>Entitlement to Attorneys' Fees and Expenses</u>**

The Class Settlement between Plaintiffs and Defendant provides that thirty percent of the settlement amount be allocated for an award of Plaintiffs' attorneys' fees and expenses. Plaintiffs argue that this is reasonable, and have provided a lodestar cross-check, which is within a multiplier of .62 and 1.39, depending on geographic valuation. [Fee Motion at 2-3.]

Federal Rule of Civil Procedure 23(h) states: "In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Thus, pursuant to Rule 23(h), the parties' Settlement Agreement alone is a sufficient basis for an award of reasonable attorneys' fees to Plaintiffs. The Court, however, emphasizes that it has only relied upon the parties' agreement as the basis for the entitlement to award; the Court has not relied upon the parties' representation that the requested award is reasonable. The Court will independently review the requested award for reasonableness.

### B. <u>**Amount of the Award**</u>

Under federal law, reasonable attorneys' fees are generally based on the traditional "lodestar" calculation set forth in <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983). <u>Fischer v. SJB-P.D., Inc.</u>, 214 F.3d 1115, 1119 (9th Cir. 2000). The court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." <u>Hensley</u>, 461 U.S. at 433. Second, the court must decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in <u>Kerr v. Screen Extras Guild, Inc.</u>, 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation. <u>Fischer</u>, 214 F.3d at 1119.

The factors the Ninth Circuit articulated in <u>Kerr</u> are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

526 F.2d at 70. Factors one through five have been subsumed in the lodestar calculation. <u>Morales v. City of San Rafael</u>, 96 F.3d 359, 364 n.9 (9th Cir. 1996). Further, the Ninth Circuit, extending <u>City of Burlington v. Dague</u>, 505 U.S. 557, 567 (1992),

10

held that the sixth factor, whether the fee is fixed or contingent, may not be considered in the lodestar calculation. Davis v. City & Cnty. of San Francisco, 976 F.2d 1536, 1549 (9th Cir. 1992), *vacated in part on other grounds*, 984 F.2d 345 (9th Cir. 1993). Once calculated, the "lodestar" is presumptively reasonable. Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987); see also Fischer, 214 F.3d at 1119 n.4 (stating that the lodestar figure should only be adjusted in rare and exceptional cases).

Although Plaintiffs do not request a lodestar award of attorneys' fees in this case, this Court uses the fees that it could have awarded Plaintiffs under the lodestar analysis as a gauge of the reasonableness of the attorneys' fees provided for in the Settlement Agreement. See, e.g., Villon, et al. v. Marriott Hotel Servs., Inc., CV 08-00529 LEK-RLP, Order Granting Final Approval of Class Action Settlement and Granting Pltfs.' Motion for Final Approval of Class Action Settlement, filed 5/30/14 (dkt. no. 211), at 8 (using the lodestar method as a guide to review the agreed upon attorneys' fees); Almodova v. City & Cnty. of Honolulu, Civil No. 07-00378 LEK-RLP, 2011 WL 4625692, at *5 (D. Hawai`i Sept. 30, 2011) (using the lodestar method as a guide to review the agreed upon attorneys' fees in a Fair Labor Standards Act settlement for reasonableness); Shea v. Kahuku Hous. Found., Inc., Civil No. 09-00480 LEK-RLP, 2011 WL

11

1261150, at *6 (D. Hawai`i Mar. 31, 2011) (citation omitted) (using the lodestar analysis as a guide to evaluate the reasonableness of the agreed upon attorneys' fees in a settlement of action pursuant to Rule 23(h)).

This Court has used the hourly calculation as supplied by Plaintiffs' counsel. [Notice of Errata Relating to the Decl. of Joseph P. Guglielmo filed at ECF No. 103-2, Corrected Decl., at ¶¶ 50-51.] Counsel included both the attorneys' regular rates as well as the Hawai`i adjusted rate to produce a loadstar of attorneys fees and expenses of $1,318,212.10. In determining whether an hourly rate is reasonable, the Court considers the experience, skill, and reputation of the attorney requesting fees. Webb v. Ada Cnty., 285 F.3d 829, 840 & n.6 (9th Cir. 2002). Under the lodestar method, this Court must generally award out-of-state counsel attorneys' fees according to the prevailing market rates in Hawai`i. See id.; see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), *as amended on denial of reh'g*, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district").

The Court has thoroughly reviewed the presentation of the fees and, with the exception of a few attorneys, the fees charged are in line with this district. Counsel supplied a chart explaining the correlation between the attorney's years in

practice and the Hawai`i hourly rate. The Court finds that these rates – for example, using $300 hourly rate for an attorney practicing twenty or more years, and $150 for an attorney with one to four years experience – comport with this Court's past orders, and are reasonable. The Court, however, has adjusted down those few rates where there was a significant departure – where a local attorney used a Hawai`i rate of $445 and New York attorneys with only three years experience applied a rate of $175.

Calculating the lodestar based on hours worked, counsel represents that this creates a multiplier of 1.3882. This is well within the reasonable range as recognized by the Ninth Circuit. See Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1051 (9th Cir. 2002) ("[M]ultiples ranging from one to four are frequently awarded in common fund cases when the lodestar method is applied." (alteration in Vizcaino) (citations and internal quotation marks omitted)); In re Apple iPhone/iPod Warranty Litig., No. C 10-1610 RS, 2014 WL 1478707, at *3-4 (N.D. Cal. Apr. 14, 2014). Even when the Court adjusts the few attorneys whose rates were above the Hawai`i rate, the multiplier is still within the permissible and reasonable range.

### C. Hours Reasonably Expended

Beyond establishing a reasonable hourly rate, a party seeking attorneys' fees bears the burden of proving that the fees

13

and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained. See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Hawai`i 1993) (citations omitted). A court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable. See id. at 637 (citing INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987)). A court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." Soler v. G & U, Inc., 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted). Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated. See Gates, 987 F.2d at 1399 (quoting Hensley, 461 U.S. at 433-34).

Under the traditional lodestar analysis, this Court would apply various deductions, such as for insufficiently described tasks and clerical items. Insofar as this Court is only using the lodestar analysis as a guide in this case, and this Court has already applied reductions to some of counsel's hourly rates, this Court will not apply its standard deductions to the number of counsel's hours. The Court finds that, for purposes of the instant Motion, the hours that Plaintiffs' counsel incurred in this case would be compensable under the lodestar analysis. This Court therefore FINDS that the proposed

allocation of thirty percent of the fund or $1.83 million of the settlement for an award of Plaintiffs' attorneys' fees and expenses is reasonable.

## **CONCLUSION**

In light of the foregoing, the Court ORDERS as follows:

1.   The Court FINDS that the requirements of Federal Rules of Civil Procedure Rule 23(e) have been satisfied and that the Settlement Agreement is fair, reasonable, and adequate.

2.   The Court DENIES the Objections as not being supported by the applicable law of this Circuit.

3.   The Court therefore GRANTS final approval of the settlement and GRANTS Plaintiffs' Motion for Final Approval of Class Action Settlement and Request for Entry of Final Judgment, filed on September 12, 2014; and Plaintiffs' Motion for Approval of Attorneys' Fee Award, Expense Reimbursement, and Incentive Awards, filed September 12, 2014.

4.   The Court CERTIFIES the Class, as described in the Class Settlement.

5.   The Court ORDERS the parties to implement the terms of the settlement.

6.   The Court finally APPOINTS Halunen and Associates, Reese Richman LLP and Scott+Scott Attorneys at Law LLP as Class counsel under Fed. R. Civ. P. 23(g).

7.   The Court ORDERS payment of the attorneys' fees

and expenses from the Settlement Fund.

       8.   The Court BARS the class representatives and all class members, including all members who did not opt out of the Class Settlement, from bringing any related claims covered by this lawsuit.

       9.   This Court RETAINS exclusive jurisdiction over the parties and the class members for all matters related to this litigation, including the administration and implementation of the Class Settlement.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 26, 2014.



     /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**DENISE HOWERTON, ET AL. VS. CARGILL, INC.; CV 13-00336 LEK; MOLLY MARTIN VS. CARGILL, INC.; CV 14-00218 LEK-BMK; ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND REQUEST FOR ENTRY OF FINAL JUDGMENT; AND MOTION FOR APPROVAL OF ATTORNEYS' FEE AWARD, EXPENSE REIMBURSEMENT, AND INCENTIVE AWARDS**